# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

CAR-FRESHNER CORPORATION,

and

JULIUS SÄMANN LTD.,

                              Plaintiffs,

       v.

AMERICAN COVERS, LLC F/K/A AMERICAN COVERS, INC. D/B/A HANDSTANDS, ENERGIZER HOLDINGS, INC., and ENERGIZER BRANDS, LLC,

                              Defendants.

Civil Action No.: 5:17-cv-171 (TJM/ATB)

## STIPULATED CONFIDENTIALITY AGREEMENT & PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), and the stipulation and agreement by and among Plaintiffs CAR-FRESHNER Corporation and Julius Sämann Ltd. on the one hand, and Defendants American Covers, LLC f/k/a American Covers, Inc. d/b/a Handstands, Energizer Holdings, Inc., and Energizer Brands, LLC, on the other hand (collectively, the "parties"), by and through their respective counsel of record,

IT IS HEREBY ORDERED, that if, during the course of this action, either party has the occasion to disclose information deemed by such party to constitute confidential proprietary information of the type contemplated by Fed. R. Civ. P. 26(c), the following procedures shall be employed and the following restrictions shall govern:

    1.    Any documents, answers to interrogatories or document requests, deposition transcripts, or portions thereof, responses to requests for admissions, or any other material or

portions thereof (hereinafter "Material") provided by either party to the other party during the pendency of this action may be designated and marked, in whole or in part, "Confidential" or "Confidential – Attorneys' Eyes Only" by counsel for the party producing such Material at the time of its production.  The producing party should only apply such designations where the producing party has a good faith belief that the designated Material contains confidential commercial information that would put the producing party at a competitive disadvantage if the information became known to third parties.  Third parties who produce or disclose Material in this action may also so designate, and thereby avail themselves of the protections of this Order, if they agree to be bound by its terms and conditions.

      2.      The recipient of Material marked as Confidential may share such Material without the prior written consent of each party who produced the applicable Material or further order of this Court,  only to the following qualified persons:

      (a)      The Court, its officers and employees and any certified stenographic reporter or persons assisting such reporter in the taking, transcription, or other handling of any deposition or trial transcript;

      (b)      Outside counsel for the parties, including counsel of record, as well as their paralegals, other employees, vendors and/or independent contractors assisting in this litigation;

      (c)      Kate Dugan, in-house counsel for Defendants, and Leah Waite-Holland, Senior Legal Coordinator for plaintiff CAR-FRESHNER Corporation;

      (d)      In-house counsel of each party, and/or their respective affiliates, having responsibility for providing oversight of or assistance in this litigation, including their paralegals, vendors and/or independent contractors assisting in this litigation;

  (e) Mediators, arbitrators or other persons engaged in facilitating settlement discussions under the local rules of this Court, including their employees, vendors and/or independent contractors assisting in settlement;

  (f) Witnesses for the parties in this litigation;

  (g) Officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary for purposes of assisting in this action;

  (h) Persons specially retained by the parties as experts, investigators or consultants to assist in the preparation of this litigation for trial who are bona fide experts in the fields relevant to the subject matter of this action, except that any such person may be shown information and documents designated under this Protective Order only to the extent necessary to render such expert assistance, and only after signing the written Assurance of Confidentiality attached hereto as Exhibit "A";

  (i) Any other person whom the parties have agreed to designate in writing.

  3. The parties recognize that there may be certain sensitive confidential, financial, business and/or proprietary documents and information, the disclosure of which to certain categories of persons listed in paragraph 2 may compromise and/or jeopardize the disclosing party's interests. Such Material may be marked "Confidential – Attorneys' Eyes Only," and shall only be disclosed to the persons identified in (a), (b), (c), (h) and (i) in paragraph 2, and for those in categories (h) and (i) they must also sign the written Assurance of Confidentiality attached hereto as Exhibit "A." Every signed Assurance of Confidentiality required to be obtained under this Protective Order shall be maintained by outside counsel of record for the party obtaining it and shall be made available, upon request, for inspection by this Court in camera.

4. The attorneys of record for a party who wishes to disclose Material designated Confidential or Confidential – Attorneys' Eyes Only to persons other than those identified in paragraph 2 and 3 shall notify the attorneys of record for the other party. The attorneys shall discuss in good faith whether disclosure can be made. If they cannot agree, the party seeking disclosure shall move the Court, on reasonable notice, for an order permitting disclosure. No disclosure of the information to persons other than those identified in paragraphs 2 and 3 shall be made, pending a ruling by the Court.

5. Material designated Confidential or Confidential – Attorneys' Eyes Only shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted to receive disclosure of such Material pursuant to this Order. Any copies of such Material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed Confidential or Confidential – Attorneys' Eyes Only in keeping with the producing party's designation, and the same terms regarding confidentiality of these materials shall apply to the originals. Such Material shall be used only for purposes directly related to this action. Nothing herein shall limit the right of a party to use Material it has disclosed as it sees fit. Further, nothing herein shall limit the right of a receiving party from showing information designated by the producing party as Confidential or Confidential – Attorneys' Eyes Only to the producing party's witness during a deposition or at trial.

6. Nothing herein shall be deemed to limit, prejudice or waive any right of either party to contest at any time any claim of confidentiality made by any other party pursuant to this Protective Order with respect to any Material in the litigation. If a receiving party disagrees with the designation of any Material as Confidential or Confidential – Attorneys' Eyes Only, the

parties shall first try to resolve their dispute on an informal basis. If an agreement cannot be reached between counsel, the parties' dispute shall be presented to the Court for resolution.

7. The subject matter of all depositions given in connection with this action and the original and all copies of the transcripts of any such depositions shall be deemed to be Confidential – Attorneys' Eyes Only for a period ending 30 days after the transcript is received by counsel. On or before the 30th day after any deposition transcript is received by counsel, such transcript may be designated and marked, in whole or in part, Confidential or Confidential – Attorneys' Eyes Only by counsel for the disclosing party, and the portions of the transcript of the deposition so marked shall be subject to the provisions of this Order. Such designation may be made by any of the following means:

(a) stating orally on the record, with reasonable precision as to the affected testimony, during the taking of the deposition, that the information is Confidential or Confidential – Attorneys' Eyes Only, in which case the court reporter shall mark each page so designated accordingly.

(b) sending written notice to all other parties, designating, by page and line, the portions of the transcript to be treated as Confidential or Confidential – Attorneys' Eyes Only, whereupon the parties shall attach a copy of such written designation to the face of the transcript and each copy thereof in the party's possession, custody, or control.

8. When Material marked Confidential or Confidential – Attorneys' Eyes Only will likely be presented, quoted, or referred to in any hearing, trial or other court proceeding, any party claiming confidentiality shall have the right to make arrangements or, when appropriate, request the Court to ensure that only the persons who, in accordance with paragraphs 2 and 3 hereinabove, would be permitted access to the Material, are present.

9. If at any time prior to the trial of this action, a producing party realizes that some portion[s] of the Material that the party previously produced should be designated as Confidential or Confidential – Attorneys' Eyes Only, the party may so designate by so advising all parties in writing, and such designated portion[s] of the Material will thereafter be treated as designated. If at any time a producing party realizes that Material previously designated Confidential or Confidential-Attorneys' Eyes Only should not have been so designated or no longer qualifies for such designation, the party shall promptly inform counsel for the non-producing party and shall produce copies of the Material without such designation.

10. Prior to filing any pleadings, responses to requests for discovery, motions or other documents with the Court that contain, summarize, excerpt, or otherwise embodies any information designated as Confidential or Confidential- Attorneys' Eyes Only, the information shall be designated appropriately under this Stipulated Protective Order and the filing party shall seek leave to file the designated documents under seal or in redacted form in accordance with N.D.N.Y.L.R. 83.13, and upon permission, file the documents under seal or in redacted form. The party that designated the Material as Confidential or Confidential – Attorneys' Eyes Only bears the burden of supporting such designation to the Court should it request additional support in response to any request for leave to file under seal.

11. If a party determines it has inadvertently disclosed information that it believes is privileged or otherwise immune from discovery, the party shall in writing notify the receiving party of the claim, set forth the basis for the claim, and request that the item or items be returned or destroyed. If the party learns of the inadvertent disclosure during a deposition or court proceeding the party may notify the receiving party orally during the relevant proceeding. If such request is made, no party shall thereafter assert waiver of privilege, work product

protection, or immunity with respect to the information. The receiving party will, regardless of whether it agrees with or contests the other party's claim of privilege, return or destroy the inadvertently produced documents or material, and all copies and derivations thereof, within 5 business days of receipt of a written request for the return of the documents or material.

12. Nothing contained herein shall preclude either party from presenting a motion to the Court for a separate or different protective order as to any particular Material, including restrictions differing from those as specified in the Protective Order.

13. The parties will make best efforts not to designate as Confidential or Confidential – Attorneys' Eyes Only any documents consisting solely of publicly available material.

14. If a party is served with a subpoena, request for production, or other form of discovery in connection with other litigation or a matter other than the present action that would require disclosure of any Material designated in this action as Confidential or Confidential – Attorneys' Eyes Only, such party shall notify the other party as soon as reasonably possible. If the designating party objects to the production of such Material, the party served with the subpoena, request for production, or other form of discovery shall not produce any such Material absent an order by the applicable tribunal.

15. Within 45 days after conclusion of the litigation, all parties and their counsel shall destroy or return all Material designated Confidential or Confidential – Attorneys' Eyes Only; provided, however, outside counsel may retain copies for their files of any pleadings, correspondence, filings, discovery requests and responses, depositions, expert reports, and attorney work product. Conclusion of the litigation shall mean when a final, non-appealable judgment is entered, or a final settlement is reached. The party returning or destroying materials

under this paragraph shall provide written notice to the producing party attesting to the return or destruction of all designated materials within 60 days of the conclusion of the litigation.

16. All provisions of this Protective Order and all restrictions relating to the disclosure or use of any Material marked Confidential or Confidential – Attorneys' Eyes Only shall continue to be binding even after the conclusion of the litigation.

17. The parties agree that after conclusion of the litigation, any dispute arising from this Protective Order and any application for direction, order or further decree as may be appropriate for the construction, modification, enforcement or compliance herewith or for the punishment of any violation hereof, or for such additional relief as may become necessary to realize the intentions of the Protective Order, shall be directed by this Court, or if the Court determines that jurisdiction is lacking, to a court of competent jurisdiction within the State of New York.

18. The parties agree to be bound by this Order pending the entry of this Order, or an alternative thereto which is satisfactory to the parties, by the Court, and any violation of this Order's terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

19. This Stipulation may be signed in counterparts and a signature by facsimile or portable document format shall have the same force and effect as an original signature.

The parties, by their undersigned counsel, stipulate to the foregoing, and consent to the entry of the above Protective Order.

| | | |
|---|---|---|
| Dated: September 14, 2017 | By: | */s/ Louis Orbach*<br>Louis Orbach<br>BOND SCHOENECK & KING, PLLC<br>One Lincoln Center<br>Syracuse, NY 13202<br>Telephone: (315) 218-8000<br>Facsimile: (315) 218-8100<br>Email: lorbach@bsk.com<br><br>Lacy H. Koonce, III<br>Jeremy A. Chase<br>DAVIS WRIGHT TREMAINE LLP<br>1251 Avenue of the Americas<br>21st Floor<br>New York, New York 10020<br>Telephone: (212) 489-8230<br>Facsimile: (212) 489-8340<br>Email:  lancekoonce@dwt.com<br>          jeremychase@dwt.com<br><br>*Counsel for Plaintiffs CAR-FRESHNER Corporation and Julius Sämann Ltd.* |
| Dated: September 14, 2017 | By: | /s/ William H. Brewster<br>William H. Brewster<br>Jennifer Fairbairn Deal<br>KILPATRICK TOWNSEND & STOCKTON LLP<br>1100 Peachtree Street NE<br>Suite 2800<br>Atlanta, GA 30309-4528<br>Telephone: (404) 815-6500<br>Facsimile: (404) 815-6555<br>Email: bbrewster@kilpatricktownsend.com<br>          jdeal@kilpatricktownsend.com<br><br>*Counsel for Defendants* |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: September __, 2017

                                            Hon. Andrew T. Baxter
                                            U.S. Magistrate Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAR-FRESHNER CORPORATION, and JULIUS SÄMANN LTD., <br><br>             Plaintiffs, <br><br> v. <br><br> AMERICAN COVERS, LLC F/K/A AMERICAN COVERS, INC. D/B/A HANDSTANDS, ENERGIZER HOLDINGS, INC., and ENERGIZER BRANDS, LLC, <br><br>             Defendants. | Civil Action No.: 5:17-cv-171 (TJM/ATB) |

**ASSURANCE OF CONFIDENTIALITY**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of the Material that have been designated as Confidential or Confidential – Attorneys' Eyes Only.  I agree that I will not disclose such Material to anyone other than as permitted by the Protective Order and that at the conclusion of the litigation I will return all disclosed Material to the party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Northern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of the Protective Order could subject to me punishment for contempt of Court.

Signature: _____

Printed Name: _____

Company & Position: _____

Dated: _____