IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAR-FRESHNER CORPORATION, and JULIUS SÄMANN LTD., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN COVERS, LLC F/K/A AMERICAN COVERS, INC. D/B/A ENERGIZER, ENERGIZER HOLDINGS, INC., and ENERGIZER BRANDS, LLC, <br><br> Defendants. | Civil Action No.: 5:17-cv-171 (TJM/ATB) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION TO FILE
PORTIONS OF SUMMARY JUDGMENT MATERIALS UNDER SEAL**

# **TABLE OF CONTENTS**

I.    BACKGROUND ................................................................................................................1

II.   ARGUMENT....................................................................................................................1

       A.    The Court Has the Authority to Seal........................................................................1

       B.    The Court Should Seal the Material in Question ....................................................4

            1.    Materials that Energizer Intends to Use in Support of Its Dispositive Motion.......................................................................................4

                  a.    Materials Designated Confidential by Energizer .............................4

                  b.    Materials Designated Confidential by Plaintiffs..............................7

            2.    Portions of Memoranda Supporting Dispositive Motions, Energizer's Statement of Material Fact, and Supporting Declarations that Contain or Discuss the Sealed Information. ....................8

III.  CONCLUSION.................................................................................................................8

# **TABLE OF AUTHORITIES**

**Cases**

*Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*,
   26 F. Supp. 2d 606 (S.D.N.Y. 1998) ....................................................................................... 3

*GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*,
   769 F. Supp. 2d 630 (S.D.N.Y. 2011) ................................................................................... 3, 4

*Hesse v. SunGard Sys. Int'l*,
   No. 12 CIV. 1990 CM JLC, 2013 WL 174403 (S.D.N.Y. Jan. 14, 2013) .................................. 3

*Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*,
   97 F. Supp. 3d 485 (S.D.N.Y. 2015) ....................................................................................... 3

*Lugosch v. Pyramid Co. of Onondaga*,
   435 F.3d 110 (2d Cir. 2006) .................................................................................................... 2

*McCracken v. Verisma Sys., Inc.*,
   No. 6:14-CV-06248(MAT), 2017 WL 4250054 (W.D.N.Y. Sept. 26, 2017) ........................... 4

*Nixon v. Warner Commc'ns, Inc.*,
   435 U.S. 589 (1978) ............................................................................................................ 1, 2

*Playtex Prod., LLC v. Munchkin, Inc.*,
   No. 14-CV-1308 (RJS), 2016 WL 1276450 (S.D.N.Y. Mar. 29, 2016) .................................... 3

*S.E.C. v. TheStreet.Com*,
   273 F.3d 222 (2d Cir. 2001) .................................................................................................... 2

*Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*,
   347 F. App'x 615 (2d Cir. 2009) ............................................................................................. 2

**Rules & Regulations**

Fed. R. Civ. P. 26(c)(1)(G) ........................................................................................................ 2

American Covers, LLC, doing business as Handstands ("Handstands"), Energizer Holdings, Inc., and Energizer Brands, LLC (collectively, "Energizer") respectfully moves the Court to seal certain information in conjunction with Energizer's motion for summary judgment filed on November 2, 2018.

## I. BACKGROUND

Pursuant to the current Scheduling Order, the parties dispositive motions ("Dispositive Motions") are due November 2, 2018. ECF 80. On September 15, 2017, the parties' Stipulated Protective Order was entered. ECF 39. The parties have produced or otherwise provided confidential information under the Stipulated Protective Order that Energizer believes is necessary to support its concurrently filed motion for summary judgment.

Energizer respectfully requests the Court allow the filing of the information discussed in Section II.B. of this motion (the "Sealed Material") under seal. Energizer will submit the proposed Sealed Material to the Court via e-mail concurrently with this motion.

## II. ARGUMENT

### A. The Court Has the Authority to Seal

The Court should exercise its inherent power to seal part or all of its records and grant Energizer' motion. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files."). The decision to seal a document is "left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599. The public's right of access "is not absolute." *Id*. And where necessary, the "common-law right of inspection has bowed before the power of a court to insure that its records are not used to gratify private spite or promote public scandal … or as sources of business information that might harm a litigant's competitive standing." *Id.* at 598 (citations and internal quotations removed).

The standards for filing documents under seal in this Circuit were set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). In that case, the Second Circuit noted that "[t]he common law right of public access" attaches to "judicial documents," including papers filed in support of motions for summary judgment. *Id*. at 119, 126 (citation omitted). However, the Court is instructed to "balance competing considerations against" the right of public access. *Id*. at 120 (citation omitted).

Examples of valid competing considerations in this Circuit include where the disclosure of confidential commercial information would subject a party to "financial harm" or could cause a party "significant competitive disadvantage." *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009); *see also* Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . . .").

A party's privacy or proprietary interest in information may also overcome the public's right of access, and the weight of the privacy interest should depend on "the degree to which the subject matter is traditionally considered private rather than public." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001) (citations omitted). Moreover, the Court should seal documents that may "become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598.

Courts have found that documents concerning confidential business transactions and competitive research may be properly filed under seal, especially where potential harm has been articulated. *See Nixon*, 435 U.S. at 598 (recognizing that "courts have refused to permit their files to serve … as sources of business information that might harm a litigant's competitive

2

standing"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (redactions of "confidential business information," including "internal business documents," "investigative reports," and "information about … business operations" held "justified"); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing confidential proprietary information and noting that "[c]onfidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit").

Likewise, courts in this Circuit have found that the public has no right of access to the "confidential research, development, or commercial information" described in Rule 26(c)(1)(G), when that information would otherwise harm the party's business if it were to become public. *Hesse v. SunGard Sys. Int'l*, No. 12 CIV. 1990 CM JLC, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (granting motion to seal because documents included "sensitive client information and proprietary business information, including inter alia, the company's billing rates and project pricing, as well as details of specific projects completed for several clients"); *see also Playtex Prod., LLC v. Munchkin, Inc.*, No. 14-CV-1308 (RJS), 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting motion to seal because "likely harm they may suffer if this 'highly proprietary material' is revealed to their competitors outweigh the presumption of public access"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (finding sealing proper where the documents contained "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting").

Additionally, courts have found that a party's interest in preserving the confidentiality of financial records outweighs the public's right of access. *McCracken v. Verisma Sys., Inc.*, No.

3

6:14-CV-06248(MAT), 2017 WL 4250054, at *4 (W.D.N.Y. Sept. 26, 2017) (finding the sealing of "sensitive business information" and "private financial information, including records of business expenditures, as well as its internal pricing information" proper); *see, also GoSMiLE, Inc.*, at 650.

As these cases demonstrate, the right of public access is overcome when a party shows that the information sought to be protected is confidential, proprietary, or sensitive commercial or financial information and thus disclosure would cause specific harm to their business. As described in more detail below, the Sealed Material meets that criteria.

    **B.**    **The Court Should Seal the Material in Question**

        **1.**    **Materials that Energizer Intends to Use in Support of Its Dispositive Motion.**

Energizer requests the Court seal the following confidential information, which Energizer intends to use in support of its Dispositive Motion:

        **a.**    **Materials Designated Confidential by Energizer**

- **Deposition Excerpts**[1]

These deposition excerpts contain a variety of internal (i.e., non-public) competitive business information, including but not limited to discussions of Handstands' process and reasons for selecting scents and scent names, including competitive research and marketplace research, the acquisition of Handstands by Energizer, Energizer's process for phasing out the allegedly infringing scents and the reasons for that phrase out. These excerpts contain confidential and competitive information and analysis that will be very useful to competitors and

---

[1] Declaration of Jennifer Deal ("Deal Decl."), Ex. 14, excerpts from the deposition transcript of Chris Anderson; Deal Decl., Ex. 17, excerpts from the deposition transcript of Michelle Atkinson; Deal Decl., Ex. 19, excerpts from the deposition transcript of Mike Lampman; Deal Decl. Ex. 32, excerpts from the deposition transcript of Kathy Rasmussen; Deal Decl., Ex. 131, excerpts from the deposition transcript of Ben Wall.

4

divulgence of which will harm Energizer, as that information, which Energizer spent time, effort, and money developing, and which Energizer does not reveal publicly, will inevitably place Energizer at a competitive disadvantage.

- **Product Development Discussions[2]**

These documents contain discussions of and information regarding Handstands and Energizer's product development processes, including discussions of competitive and marketplace research done by Handstands, how Handstands decides what scents and scent names to use for new products, and confidential customer feedback and communications about products. These documents contain confidential and competitive information and analysis that will be very useful to competitors and divulgence of which will harm Energizer, as that information, which Energizer spent time, effort, and money developing, and which Energizer does not reveal publicly, will inevitably place Energizer at a competitive disadvantage.

- **Financial Documents[3]**

These documents contain information about Energizer's sales numbers, operating profits, costs of goods sold, operating costs, *inter alia*, which is not reported to the public. This financial information will be very useful to competitors and divulgence of it will harm Energizer, as that information, which Energizer spent time, effort, and money developing and which Energizer does not reveal publicly, will inevitably place Energizer at a competitive disadvantage.

---

[2] Deal Decl., Ex. 15, Ex. 7 to the deposition of Chris Anderson; Deal Decl., Ex. 16, Ex. 8 to the deposition of Chris Anderson Deal Decl., Ex. 132, Ex. 1 to the Deposition of Ben Wall; Deal Decl., Ex. 189, Ex. 16 to the Deposition of Ben Wall; Deal Decl., Ex. 146, document Bates-stamped HS0002344; Deal Decl., Ex. 158, document Bates-stamped HS0016907.
[3] Deal Decl., Ex. 20, Ex. 10 to the deposition of Mike Lampman; Deal Decl., Ex. 22, Ex. 20 to the deposition of Mike Lampman; Deal Decl., Ex. 30, excerpt of Ex. 4 of the Deposition of John Plumpe; Deal Decl., Ex 31, excerpt of Ex. 5 of the deposition of John Plumpe

- **Customer Planograms[4]**

These documents include confidential information about planograms developed between Energizer and its retail customers, including information on product, brand, and scent placement and distribution on shelves, that Energizer considers and understands its retail customers would consider confidential and competitive information. These documents contain confidential and competitive information and analysis that will be very useful to competitors and divulgence of which will harm Energizer and its customers, as that information, which Energizer and its customers spent time, effort, and money developing, and which Energizer does not reveal publicly, will inevitably place Energizer at a competitive disadvantage.

- **Product Phase Out[5]**

These documents include information about Energizer's phase out of the allegedly infringing products, including how and why that decision was made, how it was implemented, how many products were quarantined and blocked from sales, and related issues. These documents contain confidential and competitive information and analysis that will be very useful to competitors and divulgence of which will harm Energizer, as that information, which Energizer spent time, effort, and money developing, and which Energizer does not reveal publicly, will inevitably place Energizer at a competitive disadvantage.

---

[4] Deal Decl., Ex. 148, document Bates-stamped HS0005251; Deal Decl., Ex. 149, document Bates-stamped HS0005343; Deal Decl., Ex. 155, document Bates-stamped HS0010607; Deal Decl., Ex. 156, document Bates-stamped HS0010608; Deal Decl., Ex. 157, document Bates-stamped HS0016518.

[5] Deal Decl., Ex. 21, Ex. 14 to the deposition of Mike Lampman; Deal Decl., Ex. 150, document Bates-stamped HS0009041; Deal Decl., Ex. 151, document Bates-stamped HS0009235; Deal Decl., Ex. 152, document Bates-stamped HS0009351; Deal Decl., Ex. 153, document Bates-stamped HS0009870; Deal Decl., Ex. 154, document Bates-stamped HS0009896.

- **Handstands Acquisition**[6]

This document consists of a highly confidential presentation presented by Handstands to Energizer during Energizer's acquisition of Handstands. It includes myriad confidential information regarding, *inter alia*, Handstands' non-public financials, Handstands brands (including those not at issue in this case), analyses of Handstands' past financial performance and forward-looking insight into its future performance, as well as competitive marketplace, industry, and competitor intelligence and analysis. This document contains confidential and competitive information and analysis that will be very useful to competitors and divulgence of which will harm Energizer, as that information, which Handstands spent time, effort, and money developing, and which is not publicly available, will inevitably place Energizer at a competitive disadvantage.

b.     **Materials Designated Confidential by Plaintiffs**

Energizer relies upon the following materials, which Plaintiffs have designated as confidential pursuant to the parties' protective order, and which Energizer is therefore required to request the Court seal.

- Deal Decl. Ex. 18, excerpts from the deposition transcript of Heather Johnson.
- Deal Decl. Ex. 23, excerpts from the deposition transcript of Elizabeth Perry.
- Deal Decl. Ex. 24, Ex. 8 to the deposition of Elizabeth Perry.
- Deal Decl. Ex. 25, Ex. 21 to the deposition of Elizabeth Perry.
- Deal Decl. Ex. 26, Ex. 22 to the deposition of Elizabeth Perry.
- Deal Decl. Ex. 29, Ex. 33 to the deposition of Elizabeth Perry.
- Deal Decl. Ex. 33, excerpts from the deposition transcript of Leah Waite-Holland.
- Deal Decl. Ex. 139, document Bates-stamped CFC00001417.
- Deal Decl. Ex. 145, document Bates-stamped CFC00001903.

---

[6] Deal Decl., Ex. 186, document Bates-stamped HS0021723.

**2.   Portions of Memoranda Supporting Dispositive Motions, Energizer's Statement of Material Fact, and Supporting Declarations that Contain or Discuss the Sealed Information.**

Energizer also seeks to seal portions of its memorandum in support of its motion for summary judgment and its statement of material fact to the extent they discuss or reveal the above-discussed information.

**III.   CONCLUSION**

All of the information Energizer seeks to seal is confidential, proprietary, or sensitive financial or business information, the disclosure of which will harm Energizer' competitive standing in the marketplace or other business interests or is information that Plaintiffs designated confidential pursuant to the parties Stipulated Protective Order. Energizer therefore respectfully requests the Court to grant this Motion to Seal.

Dated: November 2, 2018

Respectfully submitted,

By: */s/ William H. Brewster*
William H. Brewster (BRN 520585)
Jennifer Fairbairn Deal (admitted *pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
(404) 815-6500
Email:
bbrewster@kilpatricktownsend.com
jdeal@kilpatricktownsend.com

*Counsel for Defendants American Covers, LLC, Energizer Holdings, Inc., and Energizer Brands, LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAR-FRESHNER CORPORATION, and JULIUS SAMANN LTD., <br><br>Plaintiffs, <br><br>v. <br><br>AMERICAN COVERS, LLC F/K/A AMERICAN COVERS, INC. D/B/A ENERGIZER, ENERGIZER HOLDINGS, INC., and ENERGIZER BRANDS, LLC, <br><br>Defendants. | Civil Action No. 5:17-cv-171 (TJM/ATB) |

## CERTIFICATE OF SERVICE

I CERTIFY that on November 2, 2018, the foregoing was served on counsel for Plaintiffs via the Court's CM/ECF system.

*/s/Jennifer Fairbairn Deal*
Jennifer Fairbairn Deal

9