UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CAR-FRESHNER CORPORATION and JULIUS SÄMANN
LTD.,

                              Plaintiffs,

              v.

AMERICAN COVERS, LLC f/k/a AMERICAN COVERS,
INC. d/b/a HANDSTANDS, ENERGIZER HOLDINGS, INC.,
and ENERGIZER BRANDS, LLC,

                              Defendants.

Civil Action No.:
5:17-cv-171 (TJM/ATB)

**PLAINTIFFS CAR-FRESHNER
CORPORATION AND JULIUS SÄMANN
LTD.'S MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION TO
PRECLUDE THE EXPERT REPORT AND
TESTIMONY OF JOHN G. PLUMPE**

BOND, SCHOENECK & KING, PLLC
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: (315) 218-8000

*Attorneys for Plaintiffs,*
   *CAR-FRESHNER Corporation and Julius
   Sämann Ltd.*

3231711.12

# TABLE OF CONTENTS

**Page**

Preliminary Statement ................................................................................................ 1

Argument .................................................................................................................... 2

Point I ....................................................................................................................... 3

Plumpe's Testimony Regarding Energizer's Costs Should Be Excluded ................. 3

    A.    Energizer Has the Burden of Proving its Costs ................................ 3

    B.    An Infringing Defendant's Costs Must Be Proven with Reliable Records ............ 3

    C.    Plumpe's Expert Report and Testimony is Inadmissible Because It Relies Solely on Energizer's Self-Serving and Unreliable Data ........................................ 4

        1.    Plumpe's Opinion of Energizer's ▮▮▮ is Based on Unreliable Data ......... 4

            a.    Plumpe Simply Mimics Energizer's Own Unreliable ▮▮▮▮ ......................................... 5

            b.    Plumpe's ▮▮▮▮▮ is Equally Dependent on Unreliable Information ▮▮▮▮▮▮ 8

            c.    Plumpe's ▮▮▮▮▮ Are Plainly Inadmissible .................... 10

        2.    Plumpe's Opinion of Energizer's ▮▮▮▮▮ is Based on Unreliable Data ......... 11

        3.    Plumpe's Opinion of Energizer's ▮▮▮▮▮ is Based on Unreliable Data ......... 13

        4.    Plumpe Fails to Account for Energizer's ▮▮▮▮▮ .......................... 15

    D.    Plumpe's Expert Report and Testimony Do Not Proffer Specialized Knowledge ................................ 17

Point II ....................................................................................................................... 18

Plumpe's Testimony Regarding ▮▮▮▮▮ Should Be Excluded ................................ 18

    A.    Plumpe's ▮▮▮▮▮ Analysis Rests on Unreliable Data and Methodology ................................ 19

        1.    Plumpe's ▮▮▮▮▮ Analysis Uses Unreliable Data ..................... 19

        2.    The ▮▮▮▮▮ Method is Not Acceptable, Reliable, or Even Relevant ................................ 22

            a.    No Reported Decision Accepts an "▮▮▮▮▮" to ▮▮▮▮▮ in a Lanham Act Case ................................ 22

            b.    Not Even Plumpe Claims to Know What Energizer's ▮▮▮▮▮ Method ................................ 22

i

3231711.12

c.     Even if an █████████ Method Were Theoretically Applicable in This Case, Plumpe Has Not Reliably Applied the Method Here .................................................................23

B.    Plumpe Has Neither the Specialized Knowledge Nor Experience Required to Opine on ███████████ ...............................................................................24

Conclusion ................................................................................................................ 25

3231711.12

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Akin v. Hankook Tire Am. Corp.*,
   2004 U.S. Dist. LEXIS 31590 (N.D.N.Y. May 19, 2004) (McAvoy, J.) ................................2

*Am. Honda Motor Co. v. Two Wheel Corp.*,
   918 F.2d 1060 (2d Cir. 1990)........................................................................................3

*Amorgianos v. Nat'l R.R. Passenger Corp.*,
   303 F.3d 256 (2d Cir. 2002).........................................................................................4

*Audemars Piguet Holding S.A. v. Swiss Watch Int'l, Inc.*,
   46 F. Supp. 3d 225 (S.D.N.Y. 2014)............................................................................4

*Beede v. Stiefel Labs., Inc.*,
   2016 U.S. Dist. LEXIS 28304 (N.D.N.Y. March 7, 2016)....................................17, 25

*Coty Inc. v. Excell Brands, LLC*,
   277 F. Supp. 3d 425 (S.D.N.Y. 2017).................................................................. *passim*

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993)............................................................................................ *passim*

*Ellis v. Appleton Papers, Inc.*,
   2006 U.S. Dist. LEXIS 7164 (N.D.N.Y. Feb. 14, 2006) ................................... *passim*

*Experience Hendrix, L.L.C. v. HendrixLicensing.com, Ltd.*,
   2011 U.S. Dist. LEXIS 107083 (W.D. Wash. Sept. 21, 2011)..............................22

*Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*,
   2010 U.S. Dist. LEXIS 144425 (S.D.N.Y. August 9, 2010) ....................... 4, 13, 14

*Hamil Am., Inc. v. GFI, Inc.*,
   193 F.3d 91 (2d Cir. 1999).........................................................................................14

*Int'l Consulting Servs. v. Cheap Tickets, Inc.*,
   2007 U.S. Dist. LEXIS 71689 (E.D.N.Y. Sept. 12, 2007).................................4, 11

*Krause v. CSX Transp.*,
   984 F. Supp. 2d 62 (N.D.N.Y. 2013)........................................................................24

*Kumho Tire Co. v. Carmichael*,
   526 U.S. 137 (1999)......................................................................................................2

*Luitpold Pharms., Inc. v. ED. Geistlich Sohne A.G. Fur Chemische Industrie*,
   2015 U.S. Dist. LEXIS 123591 (S.D.N.Y. Sept. 16, 2015)...............................17, 25

*Major League Baseball Props., Inc. v. Salvino, Inc.*,
542 F.3d 290 (2d Cir. 2008)...............................................................................3

*Manhattan Indus. v. Sweater Bee by Banff, Ltd.*,
885 F.2d 1 (2d Cir. 1989)...........................................................................13, 15

*Matthews v. Hewlett-Packard Co.*,
2017 U.S. Dist. LEXIS 214075 (S.D.N.Y. Dec. 22, 2017) ................................18

*Member Servs. v. Sec. Mut. Life Ins. Co.*,
2010 U.S. Dist. LEXIS 103776 (N.D.N.Y. Sept. 30, 2010) (McAvoy, J.)...................3, 17, 25

*Pfeiffer v. Lewis Co.*,
308 F. Supp. 2d 88 (N.D.N.Y. 2004) (McAvoy, J.) ................................................3

*River Light V, L.P. v. Lin & J Int'l, Inc.*,
2015 U.S. Dist. LEXIS 82940 (S.D.N.Y. June 25, 2015)....................................14

*San Diego Comic Convention v. Dan Farr Prods.*,
14-cv-1865 AJB, 2017 U.S. Dist. LEXIS 147574 (S.D. Cal. Sept. 12, 2017) ......11

*SLSJ, LLC v. Kleban*,
277 F. Supp. 3d 258 (D. Conn. 2017)..........................................................17, 25

*W.E. Basset Co. v. Revlon, Inc.*,
435 F.2d 656 (2d Cir. 1970)..........................................................................7, 18

*Zaremba v. GMC*,
360 F.3d 355 (2d Cir. 2004)...........................................................................2, 23

**Statutes and Rules**

15 U.S.C. § 1117(a) .........................................................................................1, 3

Federal Rule of Evidence 702 ...................................................................... *passim*

## PRELIMINARY STATEMENT

Plaintiffs CAR-FRESHNER Corporation ("CFC") and Julius Sämann Ltd. ("JSL") assert in this action, *inter alia*, that Defendants American Covers, LLC d/b/a Handstands ("Handstands"), Energizer Holdings, Inc., and Energizer Brands, LLC (collectively, "Defendants" or "Energizer") have infringed Plaintiffs' federally-registered BLACK ICE and BAYSIDE BREEZE trademarks with the sale of automotive air freshener products utilizing the names "MIDNIGHT BLACK ICE STORM" (the "Infringing BLACK ICE Products") and "BOARDWALK BREEZE" (the "Infringing BOARDWALK BREEZE Products") (collectively, the "Infringing Products").  Pursuant to 15 U.S.C. § 1117(a), Plaintiffs seek to recover, *inter alia*, the profits Defendants made from their sales of the Infringing Products.

Defendants have retained John G. Plumpe to opine on their profits. ███████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████

Plumpe's opinions are not based on credible information.  They are not substantiated ███

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████ is impermissible under Federal Rule of Evidence 702 and the

1

principles espoused by the Supreme Court in *Daubert* and *Kumho Tire*.  Plumpe offers no analyses or conclusions that meet the tests for admissible expert proof.  Plaintiffs respectfully request the Court grant their motion to preclude Plumpe's expert report and testimony.

## ARGUMENT

Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The proponents of proffered expert testimony have the burden of establishing admissibility. *E.g.*, *Akin v. Hankook Tire Am. Corp.*, 2004 U.S. Dist. LEXIS 31590, *7 (N.D.N.Y. May 19, 2004) (McAvoy, J.) (collecting cases) (granting motion to preclude expert).

The Supreme Court has held that the "Federal Rules of Evidence 'assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand,'" *Zaremba v. GMC*, 360 F.3d 355, 358 (2d Cir. 2004) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)), requiring that the court carry out a "gatekeeping" function, ensuring an expert "'employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field'" *id.* (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)).  Accordingly, it "is within the discretion of the trial court to determine whether expert testimony will assist the trier of fact."

*E.g.*, *Pfeiffer v. Lewis Co.*, 308 F. Supp. 2d 88, 96 (N.D.N.Y. 2004) (McAvoy, J.); *see also Member Servs. v. Sec. Mut. Life Ins. Co.*, 2010 U.S. Dist. LEXIS 103776, *71 (N.D.N.Y. Sept. 30, 2010) (McAvoy, J.). "[P]roffered 'expert testimony should be excluded if it is speculative or conjectural,'" and the admission "'of expert testimony based on speculative assumptions is an abuse of discretion.'" *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008). "An expert's conclusory opinions are similarly inappropriate." *Id.* at 311.

## POINT I

### PLUMPE'S TESTIMONY REGARDING ENERGIZER'S COSTS SHOULD BE EXCLUDED

### A.   Energizer Has the Burden of Proving its Costs

15 U.S.C. § 1117(a) "allocates the initial burden of proving gross sales to the trademark plaintiff, and the subsequent burden of proving costs to the infringing defendant." *Am. Honda Motor Co. v. Two Wheel Corp.*, 918 F.2d 1060, 1063 (2d Cir. 1990) (citations omitted). "This sequence of proof thus places the burden of proving costs on the party with the superior access to such information, namely the infringing defendant." *Id.* ████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████ This satisfies Plaintiffs' burden of proving Energizer's sales. The burden of proving Defendants' costs, then, shifts to Energizer.

### B.   An Infringing Defendant's Costs Must Be Proven with Reliable Records

As will be discussed *infra*, ████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████ "[A]n infringing defendant may not

¹ The deposition testimony and exhibits cited in this Memorandum are attached to the accompanying Declaration of Louis Orbach ("Orbach Declaration") unless otherwise noted.

3231711.12

prove deductible costs by records showing only a vague, undifferentiated category of expenses." *Coty Inc. v. Excell Brands, LLC*, 277 F. Supp. 3d 425, 467 (S.D.N.Y. 2017) (citations and internal quotations omitted); *see, e.g., Audemars Piguet Holding S.A. v. Swiss Watch Int'l, Inc.*, 46 F. Supp. 3d 225, 292 (S.D.N.Y. 2014) (finding defendants did not prove direct costs for certain operating expenses where "besides asserting these costs [they] provided neither documentation nor analysis of how they were calculated, besides . . . summaries."); *Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*, 2010 U.S. Dist. LEXIS 144425, *27 (S.D.N.Y. August 9, 2010) (recommending certain store expenses claimed as deductions by defendants be disallowed for lacking documentation and failing to justify a formula for calculating profits attributable to infringing activities); *see also Int'l Consulting Servs. v. Cheap Tickets, Inc.*, 2007 U.S. Dist. LEXIS 71689, *13-14 (E.D.N.Y. Sept. 12, 2007).

**C.   Plumpe's Expert Report and Testimony is Inadmissible Because It Relies Solely on Energizer's Self-Serving and Unreliable Data**

The only basis for Plumpe's conclusions is ██████████████████████████████ ███████████████████████████████████████████████████████████████████ ████████████████████████ Where, as here, the "data and methodology on which [an expert] relies 'are simply inadequate to support the conclusions reached' . . . his expert testimony is unreliable and irrelevant, and *Daubert* and Rule 702 mandate its exclusion." *Ellis v. Appleton Papers, Inc.*, 2006 U.S. Dist. LEXIS 7164, *29-30 (N.D.N.Y. Feb. 14, 2006) (citing *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002)).

1.   Plumpe's Opinion of Energizer's ████ is Based on Unreliable Data

Plumpe opines that Energizer's ███████████████████████████████ ██████████████████████████████████ According to Plumpe's report, ████████ ███████████████████████████████████████████████████████████████████

4

████████████████████████████████████████████████████████████

███████████████████

      a.    *Plumpe Simply Mimics Energizer's Own Unreliable* ████████████
████████

According to Plumpe's report, ██████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

Ryan Sedlak, Energizer's Senior Director of Finance, admitted that ████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████ ████████████████████████████████████

██████████████████████████████████████████████████████

Plumpe calculates Energizer's ██████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████

---

² Likewise, Plumpe does not know what █████████████████████████████████
███████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████ Not surprisingly, therefore, Plumpe's calculations ████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████

     ████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████

        ██    ████████████████████████████████████████████
            ████████████████████████████████████

        ██    ██████████████████████

████████████████████████

        ████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

---

[3] Plumpe admitted at his deposition that he is not ████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████

Sedlak could not even █████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
██████████████████████████████
     ██████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
██████████████████████████████

Plumpe did nothing to verify this information.   Like Sedlak, Plumpe testified that ██
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████



███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████

Relabeling expenses are not recoverable.  *W.E. Basset Co. v. Revlon, Inc.*, 435 F.2d 656, 665 (2d Cir. 1970).

3231711.12

████████████████████████████████████████████████████

███████████████████████████████████████████

     *b.*     *Plumpe's* ███████████████ *is Equally Dependent on Unreliable Information* ██████████

███████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████

      ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

Plumpe made no effort to verify ███████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████

8

What little information Plumpe did █████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
███████████████████████████████████

Plumpe also never ██████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████

    ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
███████████████████████

    ██   ██████████████████████████████████████

9



      *c.*    *Plumpe's* ████████████ *Are Plainly Inadmissible*

The sheer lack of any ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████ is unacceptable.  "As the Second Circuit has explained: 'Ordinarily,

a plaintiff that has proved the amount of infringing sales would be entitled to that amount unless

the defendant adequately proved the amount of costs to be deducted from it . . .'"  *Coty, Inc.*, 277

F. Supp. 3d at 465 (citations omitted).

In *Coty*, a recent Southern District of New York case, the Court found that a defendant

did not meet its burden with respect to its costs.  Specifically, the Court:

> "[d]ecline[d] to rely on [the defendant's] unaudited P&L
> Statements as reliable proof of costs and deductions";
>
> held that the defendant's "COGS Spreadsheet d[id] not satisfy [its]
> burden of providing costs and deductions" where there was "no
> detail as to what the columns were or how the figures within the
> columns were calculated"; and
>
> stated the COGS Spreadsheet also was unreliable because the
> defendants "provided neither documentation nor analysis of how
> they were calculated, besides [certain] invoice summaries."

*Id.* at 466-67.  As a result, the Court awarded the plaintiff the entirety of the defendant's revenue.

*Id.* at 467.  All of the fatal deficiencies found in the *Coty* defendant's proof of its COGS ████████



At least the *Coty* defendant produced "invoice summaries."

*See, e.g.*, *Int'l Consulting Servs.,* 2007 U.S. Dist. LEXIS, at *13-14 (refusing to deduct certain claimed advertising expenses listed as "credit card" expenses on a defendant's tax return where the defendant declined to submit credit card statements to substantiate its claims).

Plumpe relied solely on

Therefore, his expert testimony is unreliable and irrelevant, and *Daubert* and Federal Rule 702 mandate its exclusion. *See Ellis*, 2006 U.S. Dist. LEXIS, at *29-30 (citations omitted) (granting a motion to preclude); *see, e.g.*, *San Diego Comic Convention v. Dan Farr Prods.*, 14-cv-1865 AJB (JMA), 2017 U.S. Dist. LEXIS 147574, *22-23 (S.D. Cal. Sept. 12, 2017) (granting a motion to preclude the testimony of plaintiff's damages expert in a Lanham Act case for failing to provide comprehensive damages model).

2.   Plumpe's Opinion of Energizer's                    is Based on Unreliable Data

Plumpe also seeks to

11

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████████████

According to Sedlak, ████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████

Plumpe testified that the ████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████████████

12

██████████████████████████████████████████████

██████████████ *See Fendi Adele S.R.L.*, 2010 U.S. Dist. LEXIS at *28 (defendant's attempt

to use approximations of overhead costs was meritless because they failed to explain why they

did not have such detail, which was "puzzling . . . since presumably defendant [were] required to

maintain at least some of the[] records for tax purposes."); *see also Manhattan Indus. v. Sweater

Bee by Banff, Ltd.*, 885 F.2d 1, 8 (2d Cir. 1989) ("Estimates should not be used" as proof of costs

unless the defendant "has adequately demonstrated that reliable data are not available"); *Coty*,

277 F. Supp. 3d. at 467.  In this respect as well, Plumpe has issued an opinion that is not

supported by reliable evidence or methodology, and therefore, it should be excluded pursuant to

Federal Rule 702 and *Daubert.  See Ellis*, 2006 U.S. Dist. LEXIS, at *29-30.

      3.    <u>Plumpe's Opinion of Energizer's ████████████████████ is Based on Unreliable Data</u>

Plumpe asserts that Energizer's ████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

13

Plumpe merely █████████████████████████████████████████████████████
██████████████████████████████████████████████████████



These deficiencies make it impossible to conclude whether there is a sufficient nexus between the claimed operating expenses and sales of the Infringing Products.  "Every infringer shoulders the burden of demonstrating a sufficient nexus between each expense claimed and the sales of the unlawful goods, and likewise, has the burden of offering a fair and acceptable formula for allocating a given portion of overhead to the particular infringing items in issue." *River Light V, L.P. v. Lin & J Int'l, Inc.*, 2015 U.S. Dist. LEXIS 82940, *20 (S.D.N.Y. June 25, 2015) (internal quotations omitted) (citing *Hamil Am., Inc. v. GFI, Inc.*, 193 F.3d 91, 107 (2d Cir. 1999)); *see*, *e.g.*, *Fendi Adele S.R.L.*, 642 F. Supp. 2d at 293 (finding the defendant did not

---

[5] Plumpe failed to ██████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
█████████████████████████████████████

meet its burden of the required proof of deductible expenses because it did "not demonstrate that the specific identified expense categories directly contributed to the sale of Fendi-branded goods and [did] not establish the amount of costs attributable to any such category."); *see also Manhattan Indus.*, 885 F.2d at 8.

Indeed, all of the ███████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████

4.    Plumpe Fails to Account for Energizer's ████████████

Plumpe also fails to █████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████



---

[6] In his post-deposition rebuttal report, Plumpe states

[7] Energizer should

3231711.12

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████ n this way as well, Plumpe has rendered an unreliable opinion,

failed to confirm any of the data he received, and failed to engage in any true expert analysis, as

further discussed below.

**D.**   **Plumpe's Expert Report and Testimony Do Not Proffer Specialized Knowledge**

"While an expert may of course rely on facts or data in formulating an expert opinion, . . .

an expert cannot be presented to the jury solely for the purpose of constructing a factual narrative

based on record evidence."   *Beede v. Stiefel Labs., Inc.*, 2016 U.S. Dist. LEXIS 28304, *81

(N.D.N.Y. March 7, 2016) (citations omitted); *see also SLSJ, LLC v. Kleban*, 277 F. Supp. 3d

258, 280 (D. Conn. 2017) (holding an "expert may not simply recite the factual narrative from

one party's perspective, granting it credibility, when he has no personal knowledge of the facts

addressed.").   "Acting simply as a narrator of the facts does not convey opinions based on an

expert's knowledge and expertise; nor is such narration traceable to a reliable methodology."

*Luitpold Pharms., Inc. v. ED. Geistlich Sohne A.G. Fur Chemische Industrie*, 2015 U.S. Dist.

LEXIS 123591, *8 (S.D.N.Y. Sept. 16, 2015); *see also Member Servs.*, 2010 U.S. Dist. LEXIS,

at *89.   "Mere narration thus fails to fulfill *Daubert*'s most basic requirements."   *Luitpold*

*Pharms,* 2015 U.S. Dist. LEXIS, at *8.   "In addition, narration of facts of the case may easily

evade the province of the jury, providing a separate basis for exclusion."   *See Luitpold Pharms.,*

*Inc.*, 2015 U.S. Dist. LEXIS, at *8; *see also Member Servs.*, 2010 U.S. Dist. LEXIS, at *89.

As discussed at length, *supra*, Plumpe does not use any specialized knowledge to

generate his opinion in this Action.   Rather, he acts ██████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████

**POINT II**

**PLUMPE'S TESTIMONY REGARDING**
████████████████████████████████████████**SHOULD BE EXCLUDED**

In addition to opining about Energizer's ████████Plumpe attempts ████████

████████████████████████████████████████████████████

████████████████████,████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████

Plumpe ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████,████████████████████████

████████████████████████████████████████████████████

---

[8] Although it is not an issue ripe for the Court to decide on this Motion, Plaintiffs contend that Energizer – as a willful infringer – will ultimately be barred as a matter of law from seeking a reduction, based on any theory of apportionment, of the profits it must disgorge. *See W.E. Basset*, 435 F.2d at 659 (stating "[i]t is essential to deter companies from willfully infringing a competitor's mark, and the only way the courts can fashion a strong enough deterrent is to see to it that a company found guilty of willful infringement shall lose *all* its profits from its use of the infringing mark."). ████████████████████████████████████████████
████████████████████

3231711.12

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████   ████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████ For the reasons set forth

below, Plumpe's report and testimony regarding ████████████ should be excluded.

**A.    Plumpe's** ██████████████ **Analysis Rests on Unreliable Data and Methodology**

In addition to resting on reliable data, *Ellis*, 2006 U.S. Dist. LEXIS at *29-30, an expert's

opinion must reliably apply appropriate methodology, FED. R. EVID. 702.    Plumpe's

████████████ analysis uses neither.

1.    Plumpe's ████████████ Analysis Uses Unreliable Data

For the reasons discussed in I-C, *supra*, Plumpe's ███████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████

3231711.12



Sedlak testified that Energizer ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



*See Coty, Inc.*, 277 F. Supp. 3d at 466 ("declin[ing] to

rely on . . . unaudited P&L Statements as reliable proof of costs and deductions.").  They cannot

form a basis for any admissible expert opinion, for the reasons discussed in I-C, *supra*.

    2.    The ███████████ Method is Not Acceptable, Reliable, or Even Relevant

    *a.*    *No Reported Decision Accepts an ███████████████ to*
    *███████████n a Lanham Act Case*

Plumpe's ███████████ Method does not appear to have been accepted as a method to

███████████████████ in any reported Lanham Act case.[10]  To the extent the

methodology has been accepted at all by the courts, it has been in an entirely different context –

mainly, as a method to calculate the value of goodwill associated with a professional practice.

For example, one court noted that the method was "more suited to a professional practice than a

commercial business, and thus, will not be further discussed," indicating that the method is even

limited within the niche of goodwill accounting.  *Experience Hendrix, L.L.C. v.*

*HendrixLicensing.com, Ltd.*, 2011 U.S. Dist. LEXIS 107083 (W.D. Wash. Sept. 21, 2011).

    *b.*    *Not Even Plumpe Claims to Know What Energizer's ███████████*
    *Method*

Even if the Court were to accept generally the ███████████ Method as an appropriate

methodology to apply in a Lanham Act case, Plumpe himself equivocates regarding ███████

███ ███████████████████████

███████████████████████████

███████████████████████████



_____

10 ███████████████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████

3231711.12

██████████████████ ████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

       *c.*     *Even if an* ████████ *Method Were Theoretically Applicable in This Case, Plumpe Has Not Reliably Applied the Method Here*

As elucidated by Dr. Jeffrey A. Stec, Ph.D., ████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████ █ ███████████████████ nates Mr. Plumpe's

████████ methodology; he does not and cannot account for it. *Id.*

In sum, Plumpe's ████████ Method is ████████████ has not been

generally accepted in Lanham Act cases, ████████████████████

████████████████████████████████████████

───────────────

11 ████████████████████████████████████████
████████

████████████████████████████████ For each of these reasons, *Daubert*

and Federal Rule 702 mandate its exclusion.  *See Ellis*, 2006 U.S. Dist. LEXIS 7164, *29-30.

**B.** **Plumpe Has Neither the Specialized Knowledge Nor Experience Required to Opine on**████████████

"'[W]hile experience can provide the basis to qualify a witness as an expert, the experience must be demonstrated and have direct relevance to the issues in the case.'"  *E.g.*, *Krause v. CSX Transp.*, 984 F. Supp. 2d 62, 79 (N.D.N.Y. 2013) (citations omitted) (alterations in original) (granting a motion to preclude where there was "nothing in [the expert's] report to support a finding that he [was] qualified to give opinions" on certain report topics).

Plumpe has no professional experience in the selling, marketing, or production of automotive air fresheners.  *Plumpe Depo. Tr.*, at 225:15-12.  Indeed, Plumpe has never been engaged in the selling, marketing, or production of *any* kind of consumer packaged goods.  *Id.* at 226:25-227:24.  Yet, Plumpe includes in the Plumpe Report and the Plumpe Rebuttal Report█

████████████ ████ █████████████████████████████████████████
████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████
███████████████████████████████████████████████████████

██████████████ As noted above, he does not have any experience in this area.



Incredibly, a document Plumpe cites  *Daubert* and Federal

Rule 702 do not permit an expert to provide a gloss on a party's factual narrative without

applying any relevant or reliable expertise.  *See Luitpold Pharms., Inc.*, 2015 U.S. Dist. LEXIS,

at *8 (noting that "[a]cting simply as a narrator of the facts does not convey opinions based on an

expert's knowledge and expertise[.]"); *Beede*, 2016 U.S. Dist. LEXIS, at *81 ("an expert cannot

be presented to the jury solely for the purpose of constructing a factual narrative[.]"); *SLSJ, LLC,*

277 F. Supp. 3d at 280 (asserting an "expert may not simply recite the factual narrative from one

party's perspective, granting it credibility, when he has no personal knowledge of the facts

addressed."); *see also Member Servs.*, 2010 U.S. Dist. LEXIS, at *89.  Plumpe's testimony on

███████████ must be excluded for this reason as well.

## CONCLUSION

Plaintiffs respectfully request that the Court preclude Defendants from offering the

Plumpe Report, the Plumpe Rebuttal Report, or any testimony by Plumpe in this Action.

3231711.12

Dated:  November 2, 2018

BOND SCHOENECK & KING, PLLC

By: _____
      Louis Orbach (507815)
      Liza R. Magley (519849)
One Lincoln Center
Syracuse, NY 13202
Telephone: (315) 218-8000
Email: lorbach@bsk.com
Email: lmagley@bsk.com

*Attorneys for Plaintiffs,*
  *CAR-FRESHNER Corporation and Julius Sämann
  Ltd.*

26

3231711.12