# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAR-FRESHNER CORPORATION, and JULIUS SAMANN LTD., <br><br>Plaintiffs, <br><br>v. <br><br>AMERICAN COVERS, LLC F/K/A AMERICAN COVERS, INC. D/B/A HANDSTANDS, ENERGIZER HOLDINGS, INC., and ENERGIZER BRANDS, LLC, <br><br>Defendants. | Civil Action No. 5:17-cv-171 (TJM/ATB) |

## ANSWER TO AMENDED COMPLAINT

Defendants American Covers, LLC, doing business as HandStands, Energizer Holdings, Inc., and Energizer Brands, LLC (collectively, "HandStands"), respond to the individually numbered paragraphs of the Amended Complaint filed by Plaintiffs Car-Freshner Corporation and Julius Samann Ltd. (collectively, "Plaintiffs") on March 11, 2017 (ECF No. 13) as follows:

### ANSWERS TO PLAINTIFFS' ALLEGATIONS REGARDING THE NATURE OF THE ACTION

1. HandStands admits that Plaintiffs purport to state causes of action for trademark infringement, false designations of origin, trademark dilution, and unfair competition, but HandStands denies that Plaintiffs have stated a claim upon which relief can be granted, denies that it has engaged in any unlawful conduct, and denies any remaining allegations in Paragraph 1.

2. HandStands is without information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, denies them.

3. HandStands admits that the parties are competitors and that Defendant American Covers, LLC entered into two settlement agreements with Plaintiffs. HandStands denies the remaining allegations in Paragraph 3.

4. HandStands denies the allegations in Paragraph 4.

5. HandStands denies the allegations in Paragraph 5.

6. HandStands is without information sufficient to form a belief as to the truth of the allegations in Paragraph 6 regarding Plaintiffs' purpose for bringing this action. HandStands denies the remaining allegations in Paragraph 6.

### ANSWERS TO PLAINTIFFS' ALLEGATIONS REGARDING THE PARTIES

7. HandStands is without information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies them.

8. HandStands is without information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies them.

9. HandStands admits the allegations in Paragraph 9.

10. HandStands admits the allegations in Paragraph 10.

11. HandStands admits the allegations in Paragraph 11.

12. HandStands admits that Defendants American Covers, LLC and Energizer Brands, LLC are wholly-owned subsidiaries of Energizer Holdings, Inc. HandStands denies the remaining allegations in Paragraph 12.

### ANSWERS TO PLAINTIFFS' ALLEGATIONS REGARDING JURISDICTION AND VENUE

13. HandStands admits that the Court has subject matter jurisdiction over this action.

14. HandStands admits that venue is proper.

## ANSWERS TO PLAINTIFFS' ALLEGATIONS REGARDING PLAINTIFFS' BUSINESS AND TRADEMARKS

15. HandStands is without information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies them.

16. HandStands is without information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies them.

17. HandStands is without information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, denies them.

18. HandStands is without information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies them.

19. HandStands is without information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies them.

20. HandStands is without information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, denies them.

21. HandStands denies the allegations in Paragraph 21.

22. HandStands is without information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, denies them.

23. HandStands is without information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies them.

24. HandStands is without information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies them.

25. HandStands is without information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies them.

26. HandStands denies the allegations in Paragraph 26.

27.     HandStands denies the allegations in Paragraph 27.

28.     HandStands denies the allegations in Paragraph 28.

29.     HandStands is without information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, denies them.

30.     HandStands is without information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, denies them.

31.     HandStands avers that 15 U.S.C. § 1115 speaks for itself. Accordingly, HandStands denies the remaining allegations in Paragraph 31.

32.     HandStands denies the allegations in Paragraph 32.

33.     HandStands denies the allegations in Paragraph 33.

34.     HandStands is without information sufficient to form a belief as to the allegations in Paragraph 34 and, therefore, denies them.

35.     HandStands is without information sufficient to form a belief as to the allegations in Paragraph 35 regarding the sales of Plaintiffs' products and, therefore, denies them. HandStands deny the remaining allegations in Paragraph 35.

36.     HandStands is without information sufficient to form a belief as to the allegations in Paragraph 36 and, therefore, denies them.

37.     HandStands is without information sufficient to form a belief as to the allegations in Paragraph 37 and, therefore, denies them.

38.     HandStands is without information sufficient to form a belief as to the allegations in Paragraph 38 and, therefore, denies them.

39.     HandStands avers that the product packaging for Plaintiff's products speaks for itself and, therefore, denies the allegations in Paragraph 39.

40. HandStands denies the allegations in Paragraph 40.

41. HandStands is without information sufficient to form a belief as to the allegations in Paragraph 41 and, therefore, denies them.

42. HandStands is without information sufficient to form a belief as to the allegations in Paragraph 42 and, therefore, denies them.

43. HandStands is without information sufficient to form a belief as to the allegations in Paragraph 43 and, therefore, denies them.

44. HandStands denies the allegations in Paragraph 44.

45. HandStands denies the allegations in Paragraph 45.

46. HandStands denies the allegations in Paragraph 46.

47. HandStands is without information sufficient to form a belief as to the allegations in Paragraph 47 and, therefore, denies them.

48. HandStands avers that 15 U.S.C. § 1115 speaks for itself. Accordingly, HandStands denies the remaining allegations in Paragraph 48.

49. HandStands denies the allegations in Paragraph 49.

**ANSWERS TO PLAINTIFFS' ALLEGATIONS REGARDING DEFENDANTS' ALLEGED HISTORY OF PRIOR UNLAWFUL ACTIVITIES**

50. HandStands admits the allegations in Paragraph 50.

51. HandStands admits that the parties are competitors. HandStands denies any remaining allegations in Paragraph 51.

52. HandStands denies the allegations in Paragraph 52.

53. HandStands admits that it used the term "car fresheners" in conjunction with its air freshener and related products, including on its website, that Plaintiffs requested HandStands

5

cease using the term "car fresheners," and that HandStands ceased use of the term "car fresheners." HandStands denies any remaining allegations in Paragraph 53.

54. HandStands admits that it manufactured, marketed, and sold air fresheners in connection with the insurance company Geico. HandStands denies the remaining allegations in Paragraph 54.

55. HandStands denies the allegations in Paragraph 55.

56. HandStands admits that Defendant American Covers, LLC, doing business as HandStands, entered into an agreement with Plaintiffs on or about December 2, 2011, but HandStands avers that the agreement speaks for itself. Accordingly, HandStands denies any remaining allegations in Paragraph 56.

57. HandStands is without information sufficient to form a belief as to the allegations in Paragraph 40 regarding Plaintiffs' use of the mark LET IT HANG. HandStands denies any remaining allegations in Paragraph 57.

58. HandStands admits that Plaintiffs filed Civil Action No. 7:12-cv-01871-GLS-DEP in this District against Defendant American Covers, LLC, doing business as HandStands, alleging, *inter alia*, infringement of Plaintiffs' LET IT HANG mark and unfair competition, but HandStands denies that it has engaged in any unlawful conduct, and denies any remaining allegations in Paragraph 58.

59. HandStands admits that Defendant American Covers, LLC, doing business as HandStands, entered into an agreement with Plaintiffs on or about June 4, 2013, but HandStands avers that the agreement speaks for itself. Accordingly, HandStands denies any remaining allegations in Paragraph 59.

60. Handstands admits the allegations in Paragraph 60.

6

60. HandStands denies the allegations in Paragraph 61.

62. HandStands denies the allegations in Paragraph 62.

63. HandStands denies the allegations in Paragraph 63.

64. HandStands denies the allegations in Paragraph 64.

**ANSWERS TO PLAINTIFFS' ALLEGATIONS REGARDING DEFENDANTS' ALLEGED NEW INFRINGING ACTIVITIES**

65. HandStands denies the allegations in Paragraph 65.

66. HandStands denies the allegations in Paragraph 66.

67. HandStands denies that its MIDNIGHT BLACK mark or its ICE STORM mark is infringing and denies that it needed permission from Plaintiffs to use its own marks. HandStands denies any remaining allegations in Paragraph 67.

68. HandStands denies the allegations in Paragraph 68.

69. HandStands denies the allegations in Paragraph 69.

70. HandStands denies the allegations in Paragraph 70.

71. HandStands denies the allegations in Paragraph 71.

72. HandStands denies the allegations in Paragraph 72.

73. HandStands denies that its Boardwalk Breeze mark is infringing and denies that it needed permission from Plaintiffs to use its own marks. HandStands denies any remaining allegations in Paragraph 73.

74. HandStands admits that this Court has personal jurisdiction over Defendants. HandStands denies any remaining allegations in Paragraph 74.

75. Handstands admits that this Court has personal jurisdiction over Defendants. HandStands denies any remaining allegations in Paragraph 75.

76. HandStands admits that this Court has personal jurisdiction over Defendants. HandStands denies any remaining allegations in Paragraph 76.

77. HandStands denies the allegations in Paragraph 77.

78. HandStands denies the allegations in Paragraph 78.

79. HandStands denies the allegations in Paragraph 79.

80. HandStands denies the allegations in Paragraph 80.

81. HandStands denies the allegations in Paragraph 81.

82. HandStands denies the allegations in Paragraph 82.

83. HandStands denies the allegations in Paragraph 83.

84. HandStands denies the allegations in Paragraph 84.

85. HandStands denies the allegations in Paragraph 85.

**ANSWERS TO PLAINTIFFS' ALLEGATIONS REGARDING COUNT I**

**ALLEGED INFRINGEMENT OF A REGISTERED TRADEMARK (FEDERAL)**

86. HandStands incorporates its responses to all preceding paragraphs as if fully restated herein.

87. HandStands denies the allegations in Paragraph 87.

88. HandStands denies the allegations in Paragraph 88.

89. HandStands denies the allegations in Paragraph 89.

90. HandStands denies the allegations in Paragraph 90.

**ANSWERS TO PLAINTIFFS' ALLEGATIONS REGARDING COUNT II**

**ALLEGED TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (FEDERAL)**

91. HandStands incorporates its responses to all preceding paragraphs as if fully restated herein.

92. HandStands denies the allegations in Paragraph 92.

93. HandStands denies the allegations in Paragraph 93.

94. HandStands denies the allegations in Paragraph 94.

95. HandStands denies the allegations in Paragraph 95.

## ANSWERS TO PLAINTIFFS' ALLEGATIONS REGARDING COUNT III

## ALLEGED TRADEMARK DILUTION (FEDERAL)

96. HandStands incorporates its responses to all preceding paragraphs as if fully restated herein.

97. HandStands denies the allegations in Paragraph 97.

98. HandStands denies the allegations in Paragraph 98.

99. HandStands denies the allegations in Paragraph 99.

100. HandStands denies the allegations in Paragraph 100.

101. HandStands denies the allegations in Paragraph 101.

## ANSWERS TO PLAINTIFFS' ALLEGATIONS REGARDING COUNT IV

## ALLEGED NEW YORK STATE DILUTION

102. HandStands incorporates its responses to all preceding paragraphs as if fully restated herein.

103. HandStands denies the allegations in Paragraph 103.

104. HandStands denies the allegations in Paragraph 104.

105. HandStands denies the allegations in Paragraph 105.

106. HandStands denies the allegations in Paragraph 106.

## ANSWERS TO PLAINTIFFS' ALLEGATIONS REGARDING COUNT V

## ALLEGED UNFAIR COMPETITION (COMMON LAW)

107. HandStands incorporates its responses to all preceding paragraphs as if fully restated herein.

108. HandStands denies the allegations in Paragraph 108.

109. HandStands denies the allegations in Paragraph 109.

110. HandStands denies the allegations in Paragraph 110.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### ADDITIONAL DEFENSES

HandStands reserves the right to supplement or amend this Answer, including but not limited to the addition of further affirmative defenses, based upon further investigation and discovery in this action.

HandStands denies all allegations in the Complaint not expressly admitted herein.

### PRAYER FOR RELIEF

WHEREFORE, HandStands respectfully requests that this Court enter judgment in its favor:

(1) Dismissing all claims asserted against HandStands in the Complaint with prejudice;

(2) Requiring Plaintiffs to pay the costs of this action and, to the extent authorized by law, to reimburse HandStands for its attorneys' fees and expenses of litigation; and

(3) Granting HandStands such other and further relief as this Court deems just and proper.

Dated: April 25, 2017

By: */s/ Paul M. Rosenblatt*
Paul M. Rosenblatt (BRN 511573)
William H. Brewster (pending admission *pro hac vice*)
Jennifer Fairbairn Deal (pending admission *pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
(404) 815-6500
Email: prosenblatt@kilpatricktownsend.com
bbrewster@kilpatricktownsend.com
jdeal@kilpatricktownsend.com

*Counsel for Defendants American Covers, LLC, Energizer Holdings, Inc., and Energizer Brands, LLC*

11

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAR-FRESHNER CORPORATION, and JULIUS SAMANN LTD., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN COVERS, LLC F/K/A AMERICAN COVERS, INC. D/B/A HANDSTANDS, ENERGIZER HOLDINGS, INC., and ENERGIZER BRANDS, LLC, <br><br> Defendants. | Civil Action No. 5:17-cv-171 (TJM/ATB) |

## **CERTIFICATE OF SERVICE**

I CERTIFY that on April 25, 2017, the foregoing was served on counsel for Plaintiffs via the Court's CM/ECF system.

                                                              /s/ *Jennifer Fairbairn Deal*
                                                              Jennifer Fairbairn Deal