# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAR-FRESHNER CORPORATION, and JULIUS SAMANN LTD., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN COVERS, LLC F/K/A AMERICAN COVERS, INC. D/B/A HANDSTANDS, ENERGIZER HOLDINGS, INC., and ENERGIZER BRANDS, LLC, <br><br> Defendants. | Civil Action No. 5:17-cv-171 (TJM/ATB) |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE OF RULE 30(B)(6) DEPOSITION

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendants American Covers, LLC, doing business as HandStands, Energizer Holdings, Inc., and Energizer Brands, LLC ("Energizer") submit their responses and objections to Plaintiffs Car-Freshner Corporation's and Julius Samann LTD's ("Plaintiffs") Notice of 30(b)(6) Deposition of Defendants ("Notice").

### GENERAL RESPONSES AND OBJECTIONS

1. Energizer previously objected to the time and date set forth the Notice. Energizer will produce its designees on the date and at the time mutually agreed upon by the parties.

2. Energizer objects to Plaintiffs' Notice topics in their entirety and to each individually to the extent that the information sought is protected from discovery by Fed. R. Civ. P. 26(b), the attorney-client privilege, the work product doctrine, or would disclose the mental impressions, conclusions, opinions, or legal theories of counsel.



3. Energizer objects to Plaintiffs' Notice topics in their entirety and to each individually to the extent that they purport to impose obligations on Energizer inconsistent with or greater than the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of New York.

4. Energizer objects to Plaintiffs' Notice topics in their entirety and to each individually to the extent that they seek information that is neither relevant nor calculated to lead to the discovery of admissible evidence.

5. Energizer objects to Plaintiffs' definition of the terms "you," "your," "Defendants," "Energizer," and "Handstands" as overbroad, in that by including within them Defendants' "parents, subsidiaries, affiliates, operating entities, predecessors, successors and aliases; current and former officers, agents, servants and employees; and persons controlled by or acting on their behalf," Plaintiffs' topics containing these terms impose an undue burden and expense on Energizer and seek information not within Energizer's possession, custody, or control. In these responses, "Energizer" refers to Defendants American Covers, LLC, doing business as HandStands, Energizer Holdings, Inc., and Energizer Brands, LLC.

6. Energizer objects to Plaintiffs' definition of the term "Infringing Black Ice Mark" because (a) it is overbroad and unduly burdensome, (b) assumes facts not in evidence, including that Energizer used an infringing mark or otherwise engaged in trademark infringement or unfair competition, and (c) the phrase "design elements similar to those as set forth in Paragraph 16 or 18 of the Amended Complaint" renders the definition vague and ambiguous such that Energizer cannot reasonably ascertain the information sought. In response to topics containing this definition, Energizer's responses are limited to Energizer's dual marks ICE STORM and MIDNIGHT BLACK used together.

7.      Energizer objects to Plaintiffs' definition of the term "Infringing Boardwalk Breeze Mark" because (a) it assumes facts not in evidence, including that Energizer used an infringing mark or otherwise engaged in trademark infringement or unfair competition and (b) the phrase "design elements similar to those as set forth in Paragraph 34 or 36 of the Amended Complaint" renders the definition vague and ambiguous such that Energizer cannot reasonably ascertain the information sought. In response to topics containing this definition, 's responses are limited to Energizer's BOARDWALK BREEZE mark.

8.      Energizer objects to Plaintiffs' definition of the term "Infringing Marks" because it assumes facts not in evidence, including that Energizer used an infringing mark or otherwise engaged in trademark infringement or unfair competition. In response to topics containing this definition, Energizer's responses are limited to Energizer's dual marks ICE STORM and MIDNIGHT BLACK used together and Energizer's BOARDWALK BREEZE mark.

## RESPONSES AND OBJECTIONS TO NOTICE TOPICS

1.      Defendants' knowledge of Plaintiffs' rights in, and use of, the BLACK ICE Mark and BAYSIDE BREEZE Mark.

**RESPONSE**: In addition to the general objections, Energizer objects to this topic on the grounds that it assumes that Plaintiffs have rights in the "BLACK ICE Mark" and the "BAYSIDE BREEZE Mark." Subject to this objection and the general objections, Energizer designates Lori Shambro to testify to nonprivileged information respecting Energizer's knowledge of Plaintiffs' use of BLACK ICE and BAYSIDE BREEZE.

2.      Defendants' knowledge of Plaintiffs' marketing, promotion, advertising, distribution, and sale of goods under the BLACK ICE Mark and the BAYSIDE BREEZE Mark.

3

**RESPONSE**: Subject to the general objections, Energizer designates Lori Shambro to testify to nonprivileged information respecting Energizer's knowledge of Plaintiffs' marketing, promotion, and advertising of goods under the BLACK ICE and BAYSIDE BREEZE marks, and Energizer designates Mike Lampman to testify to nonprivileged information respecting Energizer's knowledge of Plaintiffs' distribution and sale of goods under the BLACK ICE and BAYSIDE BREEZE marks.

3. Defendants' acquisition, selection, clearance, design, adoption, or use of the Infringing Marks.

**RESPONSE**: In addition to the general objections, Energizer objects to this topic to the extent it includes within its scope information protected by the attorney-client privilege, prepared by Energizer's attorneys in anticipation of litigation, or information containing or reflecting the thoughts and mental impressions of Energizer's attorneys. Subject to this objection and the general objections, Energizer designates Lori Shambro to testify to nonprivileged information respecting Energizer's acquisition, selection, clearance, design, adoption, and use of the dual marks MIDNIGHT BLACK and ICE STORM and of the BOARDWALK BREEZE mark.

4. Defendants' marketing, promotion, advertising, distribution, and sale of goods under the Infringing Marks.

**RESPONSE**: Subject to this objection and the general objections, Energizer designates Lori Shambro to testify to nonprivileged information respecting Energizer's marketing, promotion, and advertising of goods under the dual marks MIDNIGHT BLACK and ICE STORM and of the BOARDWALK BREEZE mark, and Energizer designates Mike Lampman to testify to nonprivileged information respecting Energizer's distribution and sale of goods under

4

the dual marks MIDNIGHT BLACK and ICE STORM and of the BOARDWALK BREEZE mark.

5.   Defendants' efforts to cease use of the Infringing Marks, and sales of goods under the Infringing Marks.

**RESPONSE**:  In addition to the general objections, Energizer objects to this topic to the extent it includes within its scope information protected by the attorney-client privilege, prepared by Energizer's attorneys in anticipation of litigation, or information containing or reflecting the thoughts and mental impressions of Energizer's attorneys. Subject to this objection and the general objections, Energizer designates Lori Shambro and Mike Lampman to testify to nonprivileged information respecting Energizer's cessation of use of the dual marks MIDNIGHT BLACK and ICE STORM and of the BOARDWALK BREEZE mark and sales of goods under those marks.

6.   Defendants' gross revenues, net revenues, and profits from sales of goods under the Infringing Marks.

**RESPONSE**: Subject to the general objections, Energizer designates Mike Lampman to testify to nonprivileged information respecting Energizer's gross revenues, net revenues, and profits from sales of goods under the dual marks MIDNIGHT BLACK and ICE STORM and the BOARDWALK BREEZE mark.

7.   The acquisition of American Covers, LLC by Defendants Energizer Holdings, Inc. and Energizer Brands, LLC.

**RESPONSE**: In addition to the general objections, Energizer objects to this topic on the grounds that (a) it includes within its scope information protected by the attorney-client privilege, prepared by Energizer's attorneys in anticipation of litigation, or information

5

containing or reflecting the thoughts and mental impressions of Energizer's attorneys and (b) it seeks information that is not relevant to any claim or defense asserted by any party in this litigation, as it is not limited to issues related to Energizer's use of the dual marks MIDNIGHT BLACK and ICE STORM or of the BOARDWALK BREEZE mark.

Subject to these objections and the general objections, Energizer designates Mike Lampman to testify to nonprivileged information respecting the acquisition of American Covers, LLC but only to the extent the requested information is pertinent to Energizer's use of the dual marks MIDNIGHT BLACK and ICE STORM or of the BOARDWALK BREEZE mark.

8.   The production and contents of documents produced by Defendants in response to Plaintiffs' First Requests for Production of Documents to Defendants.

**RESPONSE**: In addition to the general objections, Energizer objects to this topic on the grounds that (a) it is overly broad and unduly burdensome, and its scope is not proportional to the needs of the case, in that Energizer has produced thousands of documents in this case and cannot reasonably prepare a witness or witness(es) to testify with respect to the contents and production of thousands of documents, (b) the phrase "the production … of documents produced by Defendants" is vague and ambiguous such that Energizer cannot reasonably ascertain the scope of the information sought, and (c) it includes within its scope information protected by the attorney-client privilege, prepared by Energizer's attorneys in anticipation of litigation, or information containing or reflecting the thoughts and mental impressions of Energizer's attorneys.

Subject to these objections and the general objections, Energizer will not designate a witness on this topic, but Defendants are willing to meet and confer with Plaintiffs to determine

whether a more narrowly tailored and carefully worded topic can be crafted such that Energizer may reasonably designate and prepare a witness.

9. Defendants' document retention and preservation policies.

**RESPONSE**: Subject to the general objections, Energizer designates Mike Lampman to testify to nonprivileged information respecting Energizer's document retention and preservation policies.

Dated: October 2, 2017

By: */s/ William H. Brewster*
William H. Brewster (BRN 520585)
Jennifer Fairbairn Deal (admitted *pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
(404) 815-6500
Email:
bbrewster@kilpatricktownsend.com
jdeal@kilpatricktownsend.com

*Counsel for Defendants American Covers, LLC, Energizer Holdings, Inc., and Energizer Brands, LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAR-FRESHNER CORPORATION, and JULIUS SAMANN LTD., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN COVERS, LLC F/K/A AMERICAN COVERS, INC. D/B/A HANDSTANDS, ENERGIZER HOLDINGS, INC., and ENERGIZER BRANDS, LLC, <br><br> Defendants. | Civil Action No. 5:17-cv-171 (TJM/ATB) |

## CERTIFICATE OF SERVICE

I CERTIFY that on October 2, 2017, the foregoing was served on counsel of record for Plaintiffs via U.S. Mail with a courtesy copy sent via e-mail.

/s/ *Jennifer Fairbairn Deal*
Jennifer Fairbairn Deal