UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CAR-FRESHNER CORPORATION and JULIUS SÄMANN LTD.,

Plaintiffs,

v.

AMERICAN COVERS, LLC f/k/a AMERICAN COVERS, INC. d/b/a HANDSTANDS, ENERGIZER HOLDINGS, INC., and ENERGIZER BRANDS, LLC,

Defendants.

Civil Action No.: 5:17-cv-171 (TJM/ATB)

JEFFERY A. STEC, Ph.D., declares, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am a Managing Director with Berkeley Research Group, LLC ("BRG"). I have been retained by counsel for Plaintiffs CAR-FRESHNER Corporation ("CFC") and Julius Sämann Ltd. ("JSL") (collectively, "Plaintiffs") in the above-captioned litigation (the "Action") to, *inter alia*, review and respond to the opinions and analyses set forth by John G. Plumpe.

2. I make this Declaration in support of Plaintiffs' Motion to Preclude the Expert Report and Testimony of John G. Plumpe (the "Motion").

**PROFESSIONAL AND EDUCATIONAL BACKGROUND**

3. I received Ph.D. and Master's degrees in Economics from the Ohio State University.

4. I received Bachelor's degrees in Philosophy and Psychology from Cornell University and in Economics and a Math Minor from the University of Illinois-Chicago.

5. I am a member of a number of professional organizations, including the American Economic Association, the American Association of Public Opinion Research, and the Licensing Society, among others.

6. In addition to being a Managing Director with BRG, I also am a leader of its Intellectual Property practice and a co-leader of its Economics and Damages community.

7. BRG is a leading global strategic advisory and expert consulting firm that provides independent advice, data analytics, valuation, authoritative studies, expert testimony, investigations, transaction advisory, restructuring services, and regulatory and dispute consulting to Fortune 500 corporations, financial institutions, government agencies, major law firms, and regulatory bodies around the world.

8. I have served as a consultant to a wide variety of clients on matters involving economic, financial, and statistical analysis modeling for the purpose of interpreting and projecting data and evaluating the impact of business decisions, transactions, and economic events.

9. I have served as an expert witness or consultant in a wide range of litigation matters, including copyright, trademark infringement, and trade secret misappropriation litigation, most of which included an analysis and evaluation of company-specific, as well as industry-wide, data for the purpose of determining the extent of economic damages.

10. A copy of my Expert Report in this Action, which includes my curriculum vitae and a list of cases in which I have testified, is attached hereto as **Exhibit A.**

## THE REPORTS AND TESTIMONY OF JOHN G. PLUMPE

11. I understand that John G. Plumpe has been retained in this Action on behalf of Defendants American Covers, LLC f/k/a American Covers, Inc. d/b/a Handstands

("Handstands"), Energizer Holdings, Inc., and Energizer Brands, LLC (collectively, "Defendants" or "Energizer").

12. I have reviewed the "Expert Report of John G. Plumpe," dated April 6, 2018, (the "Plumpe Report"), the "Rebuttal Expert Report of John G. Plumpe," dated September 21, 2018 (the "Plumpe Rebuttal Report"), the data and materials cited by Mr. Plumpe in those reports, as well as the transcript of Mr. Plumpe's deposition on June 22, 2019 in this Action (the "Plumpe Deposition").[1]

13. For the reasons set forth in my Expert Report, it is my opinion that Mr. Plumpe's analyses and conclusions are flawed and unreliable.

**MR. PLUMPE RELIES ON UNRELIABLE DATA**

14. As set forth in my Expert Report, [redacted]

15. [redacted]

[1] I understand that copies of the Plumpe Report, the Plumpe Rebuttal Report, and excerpts of the Plumpe Deposition are attached as Exhibits to the Declaration of Louis Orbach, Esq., filed contemporaneously in support of Plaintiffs' Motion (the "Orbach Declaration").

16. For another example, Mr. Plumpe has not examined reliable information from



17. Another, similar example relates to

18. My Expert Report in this Action discusses in detail the unreliable nature of the That discussion, which I declare to be true and correct and incorporate herein by reference, appears at pages 16 through 33 of my Expert Report. *See* Exh. A, pp. 16-33. For the reasons set forth at length in pages 16

through 33 of my Expert Report, [redacted]

## MR. PLUMPE'S [redacted] ANALYSIS IS FLAWED AND UNRELIABLE

19. With respect to Mr. Plumpe's [redacted] analysis, [redacted]

20. [redacted]

21. Mr. Plumpe's [redacted] methodology is allegedly [redacted]

22. Ideally, to perform an analysis [redacted]

23. Mr. Plumpe has not done that. [redacted]

24. Mr. Plumpe's [redacted] analysis is methodologically unreliable. It is not [redacted]

25. [redacted]

26. [redacted]

[redacted]
This point is discussed in my Expert Report. That discussion, which I declare to be true and correct and incorporate herein by reference, appears at pages 34 to 36 of my Expert Report. *See* Exh. A, pp. 34-36.

27. [redacted] This point is discussed further in my Expert Report. That discussion, which I declare to be true and correct and incorporate herein by reference, appears at pages 35 and 36 of my Expert Report. *See* Exh. A, pp. 35-36.

---

[2] As discussed in my Expert Report, a planogram is a schematic drawing or plan for displaying merchandise in a store. *See* Exh. A, p. 9.

[3] I understand that excerpts of the Lampman Deposition are attached as an Exhibit to the Orbach Declaration.

28.



*Id.* As discussed in my Expert Report, not controlling for such important factors also renders Mr. Plumpe's apportionment analysis unreliable. *Id.*

29. In response to my Expert Report,



30.

Mr. Plumpe does not and cannot correct for that fundamental methodological flaw in his t analysis.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on November 2, 2018

Jeffery A. Stec, Ph.D.