UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAR-FRESHNER CORPORATION, and JULIUS SAMANN LTD., <br><br>Plaintiffs, <br><br>v. <br><br>AMERICAN COVERS, LLC F/K/A AMERICAN COVERS, INC. D/B/A HANDSTANDS, ENERGIZER HOLDINGS, INC., and ENERGIZER BRANDS, LLC, <br><br>Defendants. | Civil Action No. 5:17-cv-171 (TJM/ATB) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
THEIR RENEWED MOTION FOR SUMMARY JUDGMENT**

# **TABLE OF CONTENTS**

**Page**

I. BACKGROUND ...................................................................................................................1

    A. Energizer and Its Automotive Air Freshener Business.............................................1

    B. Energizer's Midnight Black and Ice Storm Dual-Scented Products and Boardwalk Breeze Scented Product...................................................................2

    C. The Complaint ..........................................................................................................2

    D. The Amended Complaint..........................................................................................3

    E. Procedural History ....................................................................................................4

II. ARGUMENT........................................................................................................................5

    A. Energizer Is Not Liable for Direct Infringement ......................................................6

    B. Plaintiffs Are Not Entitled to Injunctive Relief........................................................8

    C. Plaintiffs' Request for Treble Accounting of Profits Fails as a Matter of Law ......................................................................................................................10

III. CONCLUSION...................................................................................................................11

# **TABLE OF AUTHORITIES**

**Pages**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) .................................................................................................. 6

*BeautyBank, Inc. v. Harvey Prince LLP*,
    No. 10 Civ. 955(DAB)(GWG), 2011 WL 671749 (S.D.N.Y. Feb. 24, 2011) .......... 10

*Boisson v. Banian Ltd.*,
    280 F. Supp. 2d 10 (E.D.N.Y. 2003) ..................................................................... 10

*Burndy Corp. v. Teledyne Indus., Inc.*,
    748 F.2d 767 (2d Cir. 1984) ..................................................................................... 9

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ............................................................................................ 5, 6

*Ferring B.V. v. Fera Pharms., LLC*,
    No. CV 13-4640 (SJF)(AKT), 2015 WL 4623507 (E.D.N.Y. July 6, 2015),
    *report and recommendation adopted*, No. 13-CV-4640 SJF AKT, 2015 WL
    4611990 (E.D.N.Y. July 31, 2015) ....................................................................... 6, 7

*Frink Am., Inc. v. Champion Rd. Mach. Ltd.*,
    48 F. Supp. 2d 198 (N.D.N.Y. 1999) ....................................................................... 9

*Greilsheimer v. Ferber Chan & Essner*,
    No. 98 Civ. 2553(LMM), 1998 WL 547092 (S.D.N.Y. Aug. 27, 1998) ................... 9

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) .................................................................................................. 6

*Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*,
    496 F.3d 1231 (11th Cir. 2007) ................................................................................ 8

*Primepoint, L.L.C. v. Primepay, Inc.*,
    401 F. App'x 663 (3d Cir. 2010) ............................................................................... 8

*Robert Stigwood Grp. Ltd. v. Hurwitz*,
    462 F.2d 910 (2d Cir. 1972) ..................................................................................... 8

*S&L Vitamins, Inc. v. Austl. Gold, Inc.*,
    521 F. Supp. 2d 188 (E.D.N.Y. 2007) ..................................................................... 6

*Thompson v. Haynes*,
    305 F.3d 1369 (Fed. Cir. 2002) .............................................................................. 10

*U.S.A. Famous Original Ray's Licensing Corp. v. Tisi's Pizza & Pasta Inc.*,
  No. 09-Civ-5517(RMB)(AJP), 2009 WL 4351962 (S.D.N.Y. Dec. 1, 2009) .......................... 10

*United Pet Grp., Inc. v. Axon US, Corp.*,
  No. 13-cv-126 (WFK)(MDG), 2013 WL 5592617 (E.D.N.Y. Oct. 10, 2013) .......................... 9

*United States v. W.T. Grant Co.*,
  345 U.S. 629 (1953) ................................................................................................................ 8

*Victoria Cruises, Inc. v. Changjiang Cruise Overseas Travel Co.*,
  630 F. Supp. 2d 255 (E.D.N.Y. 2008) ..................................................................................... 8

*Weinstock v. Columbia Univ.*,
  224 F.3d 33 (2d Cir. 2000) ....................................................................................................... 6

## Statutes

15 U.S.C. § 1117(a) ........................................................................................................... 9, 10

## Rules & Regulations

Fed. R. Civ. P. 56 ...................................................................................................................... 6

Fed. R. Civ. P. 56(a) ................................................................................................................. 5

Fed. R. Civ. P. 56(e) ................................................................................................................. 6

Defendants (collectively, "Energizer") move for summary judgment on Plaintiffs' claims for trademark infringement and unfair competition related to its BLACK ICE marks because, despite comprehensive fact and expert discovery, Plaintiffs have not developed significant, probative evidence on essential elements of those claims on which they bear the burden of proof. Specifically, *Plaintiffs cannot prove* that Energizer engaged in *direct infringement*, and because Plaintiffs failed to plead contributory infringement (and it is too late to do so now), Plaintiffs' infringement claims fail. Even if Plaintiffs' claim for infringement liability did not fail, in light of the undisputed and material facts and undebatable law presented herein, Plaintiffs cannot prove, as a matter of law, that they are entitled to (i) injunctive relief or (ii) a trebling of an accounting for profits. Accordingly, Energizer is entitled to summary judgment on each issue.

I. BACKGROUND[1]

    A. **Energizer and Its Automotive Air Freshener Business**

Energizer is a global leader in the business of providing portable power and lighting solutions, including batteries under the famous Energizer and Energizer Bunny marks. In July 2016, Energizer acquired Handstands, which manufactures and distributes automotive air freshener and appearance products under the Refresh Your Car!® brand, as well as other recognized brands like California Scents®, Driven®, and Bahama & Co.®[2]

---

[1] Energizer's separately-filed Statement of Material Facts includes all of the undisputed material facts relied upon by Energizer, and this motion refers to that document —with individual Paragraphs cited as "SMF ¶ #"— when necessary. Background facts that are not material to Energizer's claims are supported by citations directly to the record. In light of the fact that this motion is a renewed request for summary judgment on these previously raised issues, the vast majority of supporting evidence is already before the Court.

[2] Nov. 1, 2018 Declaration of Michelle Atkinson ("Nov. 1, 2018 Atkinson Decl."), ECF 85 at ¶¶ 2-4; ECF 127 at 2.

**B.     Energizer's Midnight Black and Ice Storm Dual-Scented Products and Boardwalk Breeze Scented Product**

In December 2016, Energizer began selling two new products (to retailers and distributors) under the Refresh Your Car! brand: (1) a line of dual-scented air fresheners using the names Midnight Black and Ice Storm, SMF ¶ 1; and (2) vent sticks with the scent name Boardwalk Breeze, as shown below.[3]



**C.     The Complaint**

Filed in February 2017, Plaintiffs' Complaint alleged that the dual scents Midnight Black and Ice Storm on the products shown above infringed and diluted Plaintiffs' Black Ice mark, which is a scent for a line of air fresheners Plaintiffs sell under their Little Trees brand in packaging with a yellow background, a green pine tree logo (the "Tree Design Mark"), and a red Little Trees logo (shown below).[4]

---

[3] Nov. 1, 2018 Atkinson Decl., ¶¶ 6-7; ECF 127 at 3.
[4] ECF 1.

2



Although believing Plaintiffs' claims to be without merit, Energizer quickly decided it was more efficient to switch to a new scent name. Energizer notified Plaintiffs of the decision to stop selling the dual-scented products with the Midnight Black and Ice Storm names, and that a U.S. sell-off period would end no later than June 30, 2017.[5]

D.     **The Amended Complaint**

On April 1, 2017, after Energizer said that it would stop using the dual-scent names Midnight Black and Ice Storm together, Plaintiffs filed an Amended Complaint alleging that Energizer's Boardwalk Breeze scent name infringed and diluted Plaintiffs' Bayside Breeze scent name.[6] Despite the lack of merit of these new claims, Energizer notified Plaintiffs, again shortly after receipt of the Amended Complaint, that Energizer had decided to stop selling Boardwalk Breeze, and that a U.S. sell-off would end no later than June 30, 2017.[7]

Energizer was true to its word and stopped selling both the Midnight Black and Ice Storm and Boardwalk Breeze products by June 30, 2017. SMF ¶ 2. The dual-scent product was replaced with Lightning Bolt and Ice Storm products,[8] which were identical in every respect to the

---

[5] ECF 86 at 19, ¶ 193; ECF 127 at 4.
[6] ECF 13; ECF 127 at 4-5.
[7] ECF 86 at 19, ¶ 194; ECF 127 at 5.
[8] ECF 127 at 6; Nov. 1, 2018 Atkinson Decl., ECF 85 at ¶ 14. Energizer's replacement, Lightning Bolt and Ice Storm, used the same SKU number. When Energizer first produced sales

3

Midnight Black and Ice Storm product except that the Midnight Black name was replaced with Lightning Bolt on the product packaging. SMF ¶ 7.

Energizer has not sold Midnight Black and Ice Storm dual-scented products in **over 3.5 years** and has no plans to resume selling products bearing those scent names together. SMF ¶ 9.

### E. Procedural History

On November 11, 2018, Energizer moved for summary judgment in light of Plaintiffs' inability to prove the following:

> (1) Energizer's use of the dual-scent names Midnight Black and Ice Storm or the scent name Boardwalk Breeze in connection with REFRESH YOUR CAR! brand air fresheners create a likelihood of confusion with Plaintiffs' Black Ice or Bayside Breeze marks used with LITTLE TREES brand air fresheners;
>
> (2) Plaintiffs' Black Ice or Bayside Breeze scent names are famous marks, or that consumers associate Energizer's products with Plaintiffs' marks;
>
> (3) Plaintiffs' marks are substantially similar to the Midnight Black and Ice Storm dual scent names and Boardwalk Breeze scent name;
>
> (4) Energizer engaged in direct infringement;
>
> (5) Plaintiffs are entitled to injunctive relief; or
>
> (6) Plaintiffs are entitled to a trebling of an accounting for profits.

ECF 84. On August 8, 2019, the Court ruled in Energizer's favor on the liability issues in (1)-(3) and directed the Clerk of the Court to close the case, and therefore, did not address, and did not need to address, the issues raised in (4)-(6). ECF 127, 128.

Plaintiffs appealed the Court's order on summary judgment. ECF 130. The Second Circuit agreed that Plaintiffs' claims related to Boardwalk Breeze had no merit, affirming the

---

data in this case, it inadvertently included some of the new Lighting Bolt version. Even after receiving corrected data, Plaintiffs continue to "dispute" those numbers, but it is not "material" whether the sales ended on June 30, 2017 or in July 2017. At a minimum, no evidence shows that Energizer made any sales of Midnight Black and Ice Storm products after July 2017.

4

Court's summary judgment order dismissing those claims. ECF 132 at 36. The Second Circuit also affirmed that the Black Ice marks were not famous, and therefore, affirmed the Court's finding of no dilution under the Lanham Act, but it reversed and remanded on the federal trademark infringement and state law liability issues addressed in (1) and (3) to the extent they related to the Midnight Black and Ice Storm products.[9] *Id.*

Energizer is filing this motion to address those issues rendered moot by the Court's August 8, 2019 summary judgment order and/or unaddressed by the Second Circuit on appeal—namely, Plaintiffs' inability to show, as a matter of law, that Energizer engaged in direct infringement, Plaintiffs are entitled to injunctive relief, or Plaintiffs are entitled to a trebling of an accounting for profits—i.e., issues (4)-(6) above.

**II.   ARGUMENT**

Energizer is entitled to summary judgment of nonliability for trademark infringement and unfair competition (under both federal and state law) and several of Plaintiffs' requests for relief pursuant to Federal Rule of Civil Procedure 56(a), which mandates the disposition of claims if the evidence shows "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Because Energizer has demonstrated that no genuine disputes of material fact exist on Plaintiffs' trademark infringement and unfair competition claims, Plaintiffs' request for an injunction, and

---

[9] Accordingly, the only remaining claims for liability from Plaintiffs' Amended Complaint are Count I for federal trademark infringement, Count II for federal trademark infringement and unfair competition, Count IV for dilution under New York State Law, and Count V for unfair competition (which is simply an infringement claim, *Medisim Ltd. v. BestMed LLC*, 910 F. Supp. 2d 591, 606 (S.D.N.Y. 2012) ("The elements of unfair competition under New York law closely parallel the elements of unfair competition under the Lanham Act.")), and only to the extent that those claims involve Defendants' use of the dual scents Midnight Black and Ice Storm.

5

Plaintiffs' claim for treble profits, the burden shifts to Plaintiffs to establish the existence of such a genuine dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiffs cannot rest on mere denials of the pleadings or conclusory assertions, but instead must present specific facts showing the existence of a genuine factual dispute for trial. *See* Fed. R. Civ. P. 56(e).[10] Plaintiffs also "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "Indeed, when a motion for summary judgment is made, it is time to 'to put up or shut up.... [U]nsupported allegations do not create a material issue of fact.'" *S&L Vitamins, Inc. v. Austl. Gold, Inc.*, 521 F. Supp. 2d 188, 198 (E.D.N.Y. 2007) (alterations in original) (quoting *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000)).

Energizer moves on claims where Plaintiffs bear the burden of proof—claims for which Plaintiffs do not have adequate evidence—and thus, Energizer is entitled to summary judgment. *Celotex*, 477 U.S. at 322 ("Rule 56[] mandates the entry of summary judgment … against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

### A.    Energizer Is Not Liable for Direct Infringement

"A plaintiff must show likelihood of confusion in order to prevail on a claim of direct trademark infringement under the Lanham Act." *Ferring B.V. v. Fera Pharms., LLC*, No. CV 13-4640 (SJF)(AKT), 2015 WL 4623507, at *10 (E.D.N.Y. July 6, 2015), *report and recommendation adopted*, No. 13-CV-4640 SJF AKT, 2015 WL 4611990 (E.D.N.Y. July 31,

---

[10] Disputed facts not affecting the outcome do not preclude summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial,'" and the moving party must prevail as a matter of law. *Id.* at 261. (citations omitted).

2015). Here, Plaintiffs' claims are based entirely on purported confusion by end users, *i.e.*, <u>end consumers</u> of the parties' products. SMF ¶¶ 3-4. But Energizer sold only to retailers and distributors (SMF ¶ 6)—not directly to end consumers.[11] An allegation of *direct* infringement would have to be based on confusion by those retailers and distributors, which has not been pled or argued and which simply is not plausible.

For example, in *Ferring B.V.*, the plaintiff asserted a direct infringement claim against the Perrigo defendants and a contributory infringement claim against the Fera defendant. 2015 WL 4623507, at *3-4. Fera, a pharmaceutical company, sold various lines of pharmaceutical products under marks incorporating FERA, including opthalmic products, among others. *Id*. at *2. Perrigo, also a pharmaceutical company, acquired Fera's FERA-branded line of ophthalmic products. *Id.* at *3. The plaintiff contended that Perrigo engaged in direct infringement by selling the FERA-branded products to the public, while Fera engaged in *contributory* infringement by, *inter alia*, providing "Perrigo with labels, packaging, advertising, and pharmaceutical products which bear the FERA and FERA PHARMACEUTICALS marks for Perrigo to offer for sale and sell in commerce." *Id*. at *3-4. The court found that the plaintiff sufficiently stated a claim for contributory infringement.

Perrigo obviously was not confused by Fera's actions or use of the FERA marks—it knew exactly who it was buying products from. Indeed (and unsurprisingly), there were no allegations that Perrigo, a sophisticated entity, somehow believed it was buying an entire product line from the plaintiff rather than Fera. Thus, the infringement claims against Fera had to be

---

[11]Products were sold on Amazon to consumers, *but not by Energizer*. ECF 91-15 (Ex. M). And even if product was sold directly, those sales would be *the limit* of directly infringement liability. In other words, even if true that Energizer's very minimal Amazon sales were from direct sales to consumers (which it is not), Energizer would not be liable for the remainder of its sales to other retailers and distributors under Plaintiffs' theory of direct infringement.

7

contributory in nature—not direct. Only Perrigo could be liable for direct infringement because only Perrigo's actions (i.e., selling the products to end users) was causing confusion (i.e., among end consumers).

Similarly here, Energizer's sales were limited to retailers and distributors who knew exactly where the allegedly infringing products came from and for whom there is zero evidence of confusion and zero allegations of confusion; quite simply, *Energizer's* actions did not confuse retailers or distributors, and it was those entities that sold to end consumers. Accordingly, Energizer, at best, can be liable for contributory infringement based on sales by retailers and distributors to end users—a claim Plaintiffs failed to plead, and it is far too late to shift liability theories now. *See Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1245-47 (11th Cir. 2007) (affirming summary judgment when plaintiff "failed to properly plead a claim for contributory trademark infringement").

**B.    Plaintiffs Are Not Entitled to Injunctive Relief**

"To obtain a permanent injunction, plaintiff must establish that 1) absent injunctive relief, it will suffer irreparable harm, and 2) actual success on the merits." *Victoria Cruises, Inc. v. Changjiang Cruise Overseas Travel Co.*, 630 F. Supp. 2d 255, 265 (E.D.N.Y. 2008). "The movant must also show the threat of a continuing violation in order to obtain injunctive relief." *Id.* Thus, "[a]bsent any threat of continuing infringement, plaintiff is not entitled to injunctive relief." *Id.* According to the Supreme Court, "[t]he purpose of an injunction is to prevent *future* violations." *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953) (emphasis added). Indeed, "[w]here the illegal conduct has ceased, the party seeking the injunction bears the burden of proving 'that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive.'" *Primepoint, L.L.C. v. Primepay, Inc.*, 401 F. App'x 663 (3d Cir. 2010) (quoting *W.T. Grant*, 345 U.S. at 633); *see also Robert*

*Stigwood Grp. Ltd. v. Hurwitz*, 462 F.2d 910, 913 (2d Cir. 1972). Plaintiffs cannot meet their burden.

Energizer stopped selling the allegedly infringing products in the United States **more than 3.5 years ago**. SMF ¶ 9. Energizer has no intention of resuming sales of those products, and Plaintiffs can offer no evidence indicating otherwise. *Id*. In fact, Energizer has now long sold the dual-scent products under a new name, Lightning Bolt and Ice Storm, and has invested in that name change and sold products under that new dual-scent name for far longer than it sold products using the allegedly infringing scent name. SMF ¶ 10. And Energizer has been selling products under the Lightning Bolt and Ice Storm dual scent name without any objection from Plaintiffs. SMF ¶ 8. Energizer has no reason to use Midnight Black and Ice Storm for dual-scented products and has offered incontrovertible sworn testimony that it has no plans to do so in the future. And tellingly, even after Energizer stopped selling the allegedly infringing products (and made a name change), Plaintiffs never sued any of the retailers or distributors selling the discontinued products or demanded that sales stop. SMF ¶ 5.

Accordingly, Plaintiffs cannot show irreparable harm, and their claim for injunctive relief is moot. *See, e.g.*, *United Pet Grp., Inc. v. Axon US, Corp.*, No. 13-cv-126 (WFK)(MDG), 2013 WL 5592617, at *5 (E.D.N.Y. Oct. 10, 2013) (denying injunctive relief when products no longer sold, and defendant swore it "will not do so in the future"); *Frink Am., Inc. v. Champion Rd. Mach. Ltd.*, 48 F. Supp. 2d 198, 213 (N.D.N.Y. 1999) (injunctive relief "moot in light of defendant's actions"); *Greilsheimer v. Ferber Chan & Essner*, No. 98 Civ. 2553(LMM), 1998 WL 547092, at *2 (S.D.N.Y. Aug. 27, 1998) (denying injunction when defendants changed name; "[i]t is illogical to assume that defendants would … change[] back"); *cf. Burndy Corp. v.*

9

*Teledyne Indus., Inc.*, 748 F.2d 767, 774 (2d Cir. 1984); *Boisson v. Banian Ltd.*, 280 F. Supp. 2d 10, 19 (E.D.N.Y. 2003).

### C.     Plaintiffs' Request for Treble Accounting of Profits Fails as a Matter of Law

A trademark plaintiff can recover "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). "In assessing *damages* the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as *actual damages*, not exceeding three times such amount." *Id*. (emphasis added). But Plaintiffs' lone remaining request for monetary relief is for an accounting for profits, not for damages (SMF ¶ 11); the Amended Complaint request for trebling, therefore, fails as a matter of law. *See Thompson v. Haynes*, 305 F.3d 1369, 1380 (Fed. Cir. 2002) ("As for profits, however, the court is not authorized to award up to three times the amount proved."); *BeautyBank, Inc. v. Harvey Prince LLP*, No. 10 Civ. 955(DAB)(GWG), 2011 WL 671749, at *5 (S.D.N.Y. Feb. 24, 2011) ("the statute does not permit trebling"); *U.S.A. Famous Original Ray's Licensing Corp. v. Tisi's Pizza & Pasta Inc.*, No. 09-Civ-5517(RMB)(AJP), 2009 WL 4351962, at *4 (S.D.N.Y. Dec. 1, 2009) ("courts cannot treble an award of defendant's profits").

While it is true that "[i]f the court shall find that the amount of the recovery based on profits is either inadequate or excessive[,] the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case," that sum "shall constitute compensation and not a penalty." 15 U.S.C. § 1117(a). Plaintiffs can offer no reason and have proffered no evidence showing they are somehow entitled to three times the profits, if any, Energizer made on Midnight Black and Ice Storm products, nor is such an award supported by the Lanham Act.

10

### III.     CONCLUSION

For the foregoing reasons, the Court should grant Energizer's Motion for Summary Judgment and dismiss Plaintiffs' infringement claims and hold that Plaintiff is not entitled to injunctive relief or treble profits.

Dated: February 19, 2021

By: */s/ William H. Brewster*
William H. Brewster (BRN 520585)
Jennifer Fairbairn Deal (admitted pro hac vice)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
(404) 815-6500
Email:
bbrewster@kilpatricktownsend.com
jdeal@kilpatricktownsend.com

*Counsel for Defendants American Covers, LLC, Energizer Holdings, Inc., & Energizer Brands, LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAR-FRESHNER CORPORATION, and JULIUS SAMANN LTD., <br><br>Plaintiffs, <br><br>v. <br><br>AMERICAN COVERS, LLC F/K/A AMERICAN COVERS, INC. D/B/A HANDSTANDS, ENERGIZER HOLDINGS, INC., and ENERGIZER BRANDS, LLC, <br><br>Defendants. | Civil Action No. 5:17-cv-171 (TJM/ATB) |

**CERTIFICATE OF SERVICE**

I CERTIFY that on February 19, 2021, the foregoing was served on counsel for Plaintiffs via the Court's CM/ECF system.

*/s/ Jennifer Fairbairn Deal*
Jennifer Fairbairn Deal